# International Navigation Company *versus* The Commonwealth.

1. For the purposes of State taxation, the character of a corporation which, by its charter, has various different and distinct franchises, is to be ascertained by the character of the principal business in which it is engaged at the time the tax in question accrued.

2. Thus, where a corporation, under an "omnibus" charter, had the right, among other things, to build and operate railroads, and also to build and employ steamships in domestic and foreign trade, and, having built a short railroad, it sold the same to another corporation, and thereafter its principal business was operating a line of steamships to a foreign port, said company was held not to be a "railroad company" within the exception in an Act which imposed a bonus upon capital stock, or an increase thereof, of all corporations except "railroad . . . . companies."

3. Said corporation was not exempt from liability to pay such bonus upon an increase of its capital stock, by reason of a provision in an Act which comprised part of its charter, that it should be "taxable only on the proportion of dividends on its capital stock, and upon net earnings or income only in proportion to the amount actually carried by it within the State of Pennsylvania."

May 29th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Dauphin county:* Of May Term 1883, No. 23.

This was, in the court below, an appeal by the International Navigation Company, from the settlement of an account by the auditor-general and state treasurer against said company, charging it with the first installment of a bonus upon an increase of its capital stock, claimed to be due under the provisions of section 15 of the Act of May 1st 1868, which reads as follows:

"Section 15. That hereafter every company incorporated by or under any general or special law of this commonwealth, except railroad, canal, turnpike, bridge, or cemetery companies, and companies incorporated for literary, charitable, or religious purposes, shall pay to the state treasurer, for the use of the commonwealth, a bonus of one-quarter of one per centum upon the amount of capital stock which said company is authorized to have, in two equal installments, and a like bonus upon any subsequent increase thereof. The first installment shall be due and payable upon the incorporation of said company, or upon the increase of the capital thereof, and the second installment one year thereafter."

The company filed the following specifications of objection:

1. The International Navigation Company was created by, exists and does business under authority contained in an act entitled "An act to incorporate the International Navigation

Company," approved May 4th 1871 (P. L. 565), which said act entitles said company to all the rights, powers and privileges conferred by an act entitled "An act to incorporate the Pennsylvania Company," approved April 7th 1870 (P. L. 1025). The said company is a railroad and transportation company, and as such is within the exception contained in the fifteenth section of the act of May 1st 1868, and is not required to pay the bonus provided for by said section.

2. The fourth section of an act entitled " An Act to incorporate the Pennsylvania Company," which is, by the act of May 4th 1871, made part of the charter of the International Navigation Company, provides that said company "shall be taxable only on the proportion of dividends on its capital stock, and upon net earnings or income only in proportion to the amount actually carried by it within the state of Pennsylvania."

By agreement filed, the case was tried without a jury, under the provisions of the Act of April 22d 1874, before McPherson, J., whose findings of fact, and conclusions of law were as follows :

1. The International Navigation Company was incorporated by the Act of May 4th 1871 (P. L. 565), which gave to it, inter alia, all the powers and privileges of the Act incorporating the Pennsylvania Company, passed April 7th 1870 (P. L. 1025). Both Acts are made part of this finding.

2. On February 27th 1882, the capital stock of the company was increased one million of dollars.

3. About 1872 the defendant built a short railroad connecting an elevator at Girard Point with the Pennsylvania railroad near Philadelphia, and operated the said road until April 1st 1881, when it sold the same to another corporation of this state, in which the defendant owns nearly one-half of the stock.

4. At the time when its capital was increased the defendant did not own or operate a railroad, and its principal business was the management and operation of a line of steamships between Philadelphia and New York and Antwerp.

Upon these facts two questions arise :

1. Is the defendant a " railroad" company, and therefore not liable to this claim for bonus?

The fifteenth section of the Act of May 1st 1868, upon which the case of the Commonwealth rests, is as follows :

[Quoted, ut supra.]

Usually corporations are created in order to carry on a single, or at least a principal, business or enterprise, and in such case they can readily be classified ; but this company has survived from the days of special legislation with an " omnibus" charter, under which it can do many things, from operating a railroad or constructing a steamship to lending money to manufacturers

[International Navigation Co. *v.* Commonwealth.]

or guaranteeing the note of a firm. No doubt it may build a railroad, but it may build also "any work or works, public or private, which may tend or be designed to improve, increase, facilitate or develop trade, travel, or the transportation and conveyance of freight, live stock, passengers, and any other traffic by land or water." . . It may build steamships, employ the same in foreign and domestic transportation, may build any "improvements, structures, roads or fixtures necessary or convenient for the purposes of the said company under the powers herein granted;" may erect lines of telegraph, exercise the right of eminent domain "for the purpose of erecting, constructing, maintaining or managing any public works such as" are mentioned above; may advance money or credit to companies, contractors, or manufacturers, may receive on deposit any estate, even though it be real estate, may indorse and guarantee obligations of corporations, firms and individuals, and may assume and carry out any contracts, leases and sub-leases made by any company to or with any company or individual. In view of such an array of powers,—and even this is incomplete,—it is evident that the character of the corporation, in such an inquiry as this will depend upon the business it actually does, and that its proper description may vary, from time to time, as its business varies.

It is not necessary now to decide how the simultaneous carrying on of different enterprises would affect the question; in the case before us the defendant first exercised its powers as a railroad company only, but when the increase of capital stock was made it had ceased to use this franchise and was acting as a steamship company alone. We see no difficulty in such a state of facts; the defendant by its own act has classified itself, and surely it cannot complain if the Commonwealth takes it at its word. The substance of its business is the essential matter. If the company was really operating a railroad and doing nothing else, is it doubtful that it could not be taxed as a steamship company, merely because it had powers of that sort which it did not exercise? And when, as a navigation company, it is really operating a steamship line and doing nothing else, can it be pretended that it is still a railroad company, because it once carried on that business and may perhaps do so again? It might with as much reason be said that a merchant, who has given up his store and taken to farming, is still liable to pay for a mercantile license. In Com. *v.* Penn. Coal Co., 2 Pears. 404, Judge Pearson held the defendant to be a coal company, although it had authority, and exercised it, to build railroads to carry its coal to market, on the ground that its principal business was to mine, and that transporting was an incident. There the two operations were carried on together;

[International Navigation Co. *v.* Commonwealth.]

here the defendant had ceased to act as a railroad company when the Commonwealth's claim arose, and there is no question of principal and incident. On the facts, as found, we hold the defendant was not a railroad company in February 1882.

It is argued, however, that the defendant, being then no doubt a transportation company, is within the spirit of the exception; and therefore should not pay this bonus; but the difficulty is, that there is not a word, or phrase, or sentence in the exception, which, by the most liberal enlargement or construction could be held to cover a steamship company, and the careful enumeration of special classes without general words makes the exclusion of such a corporation too plain for discussion.

2. The second objection is based on section four of the Act of 1870, providing that the company " shall be taxable only on the proportion of dividends on its capital stock, and on net earnings or income only in proportion to the amount actually carried by it within the state of Pennsylvania." . . . This, it is said, exempts the capital stock from all other burdens, and relieves it from liability here. It is not necessary to decide whether the bonus required to be paid by the Act of 1868 is a tax or not, either strictly speaking or in its ordinary and popular sense. If it is a tax in any sense, then the language used does not surrender the right of the Commonwealth to impose it. It is undoubted law that such a surrender can only be made by clear words and upon sufficient consideration : Jones & Nimick Co. *v.* Commonwealth, 19 P. F. S. 137 ; and it is by no means clear that the words of this provision should bear the meaning contended for. They apparently refer only to the taxes on capital stock and net earnings, and nowhere, either expressly or by necessary implication, indicate an intention to give up the right of the state to other taxes. If the bonus claimed is not a tax, then the provision does not touch it in any way. In either event, the liability of the defendant is not affected.

The amount due is as follows :

| First installment of bonus | | | | $1,250 00 |
|---|---|---|---|---|
| Attorney-general's commission | | | | 62 50 |
| Total | | | | $1,312 50 |

For which amount we direct judgment to be entered in favor of the Commonwealth, if exceptions are not filed as provided by law.

Exceptions were filed to the above decision, on the ground that the court found that the defendant was not a railroad company, was not within the exception in the Act of 1878, and was not protected by the Act of 1870, providing that the company

should be " taxable only on the proportion of dividends on its
capital stock."

Said exceptions were overruled, and judgment was entered
for the Commonwealth, whereupon the defendant took this
writ of error, assigning for error the dismissal of the exceptions
and the entry of judgment for the Commonwealth.

*M. E. Olmsted,* for the plaintiff in error.—The company,
by its charter, is a railroad company; it built a railroad, and
still controls and operates it indirectly. Its character is not
changed merely because it exercises other franchises given by
its charter. The Philadelphia and Reading R. R. Co. owns
and operates colliers and barges without ceasing to be a rail-
road company. The spirit of the Act exempts transportation
companies, which it is the policy of the state to foster; they
are taxable as such, but not doubly taxed on dividends and by
bonus on capital stock. But our company, under the Act of
1870, part of its charter, is expressly made " taxable only on
the proportion of dividends on its capital stock." This limits,
while it does not surrender, the right to tax, by declaring that
the company shall be taxable when it is successful enough to
declare dividends. That precludes the idea of payment of
bonus on capital stock; if bonus is a tax, then we are relieved
from it by virtue of our charter exemption, which was subse-
quent to the Act of 1868; if not a tax, that Act of 1868 is
invalid, as its title is confined to " taxing corporations," &c.

*Robert Snodgrass,* deputy-attorney-general, and *Lewis C.
Cassidy,* attorney-general, for the Commonwealth, cited : Com-
monwealth *v.* Pa. Coal Co., 2 Pearson 404; Jones & Nimick
Mf'g Co. *v.* Commonwealth, 19 P. F. S. 137; Bank of Penn-
sylvania *v.* Commonwealth, 7 Harris 152; New York and
Erie Railroad Company *v.* Sabin, 2 Casey 242; Erie Railway
Company *v.* Commonwealth, 16 P. F. S. 84; Bourguignon
Association *v.* Commonwealth, 2 Out. 54.

The opinion of the court was filed October 1st 1883.

PER CURIAM.—The learned judge correctly held that the
plaintiff in error was not a railroad company within the spirit
and meaning of the Act of May 1st 1868. The short railroad
which it built was auxiliary to its main business, and had been
sold and transferred to another corporation. It now neither
owns nor operates any railroad. Its business is operating a
line of steamships. That is its main purpose and object. The
incidental power given to the company, which it does not
exercise, does not so far change the character of the corporation
as to exempt it from the tax in question.

Judgment affirmed.