# Johnstown Telephone Company, Appellant, *v.* Ferndale Borough.

*Telephone companies—Boroughs—License tax—Act of April 17, 1905, P. L. 183—Appeals—Final decree.*

Where a telephone company files a petition under the Act of April 17, 1905, P. L. 183, for the purpose of having determined the reasonableness of the amount of a license fee imposed by a borough of fifty cents per each pole maintained in the streets, and the borough sets up in its answer that the company when it accepted the borough privileges agreed that it should be "governed by all the legal ordinances of a general nature now in force or that may hereafter be enacted" and the court dismissed the petition, without taking testimony and without deciding the case on its merits, on the ground that the company was bound by the ordinance, the appellate court will consider the decree a final one for the purposes of appeal, and will reverse it on the ground that the company cannot be deprived of its right under the act of 1905, to have the reasonableness of the tax determined.

Argued May 1, 1911. Appeal, No. 103, April T., 1911, by the plaintiff from decree of C. P. Cambria Co., Sept.

Term, 1910, No. 376, dismissing petition under Act of April 17, 1905, P. L. 183, in case of Johnstown Telephone Co. v. Ferndale Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY,. HEAD, BEAVER and PORTER, JJ. Reversed.

Petition under the Act of April 17, 1905, P. L. 183, to have determined the reasonableness of a license tax. Before O'CONNOR, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in discharging the petition.

*George E. Wolfe,* for appellant.—We contend that there is left open to us the right to question the legality of ordinance No. 32, in that it fails to be reasonable, and is unreasonable.  In cases of this kind the mode of procedure of testing the legality of ordinances fixing annual license taxes on poles is provided for by the Act of April 17, 1905, P. L. 183, and the criterion for the invocation of it is whether the fee fixed by the ordinance is reasonable.  This reasonableness is based upon the cost to the borough of the necessary inspection of the poles, under the exercise of its police powers.  Ordinance No. 27, in question here, is not legal because it is unreasonable, and an ordinance to be legal must be fair, impartial and reasonable.  If it lacks any of these requisites it is void and of no effect.  An ordinance must be reasonable: Millerstown Boro. v. Bell, 123 Pa. 151; Livingston v. Wolf, 136 Pa. 519; Northern Liberties Commissioners v. Gas Co., 12 Pa. 318; Kneedler v. Norristown, 100 Pa. 368; Fisher v. Harrisburg, 2 Grant (Pa.), 291.

Whether an ordinance is invalid because of its unreasonableness, or for any other cause, is generally a question for the court: Livingston v. Wolfe, 136 Pa. 519; Gitt v. Hanover Boro., 4 Pa. Dist. Rep. 606; Elizabeth Boro. v. Braum, 17 Pa. C. C, Rep. 257; Consolidated Telephone Cos. v. Easton, 16 Pa. Dist. Rep. 887; Union Tel. Co. v.

Greenville Boro., 18 Pa. Dist. Rep. 932; Del. & Atl. Tel. & Tel. Co's. Petition, 224 Pa. 55.

*D. P. Weimer*, for appellees.—Upon appeal to the Supreme or Superior Court such matters only as have been so excepted to and finally passed upon by the court shall be assignable for error: Rules 62 to 67 inclusive; Shamokin and Coal Township Light & Power Company v. John, 18 Pa. Superior Ct. 498; Kelly v. Donnelly, 16 Pa. Superior Ct. 363.

A copy of the license tax ordinance, as well as a copy of the franchise ordinance, was attached to the answer. No evidence was taken or asked for and, the matter being set down for argument on petition and answer by the petitioner, the case was properly decided, for the reason that the court cannot go beyond the pleadings where the case is heard on petition and answer: Randolph's App., 66 Pa. 178; Cochranton Boro. v. Telephone Co., 41 Pa. Superior Ct. 146; Freeport Boro. School Dist. v. Nat. Gas Co., 18 Pa. Superior Ct. 73; Allegheny v. Gas & Pipeage Co., 172 Pa. 632; Sandy Lake Boro. v. Gas Co., 16 Pa. Superior Ct. 234.

The burden was on the telephone company to show that the charges were clearly unreasonable: Chambersburg Boro. v. Gas. Co., 38 Pa. Superior Ct. 311; Kittanning Boro. v. Gas. Co., 26 Pa. Superior Ct. 355; Allentown v. W. U. Tel. Co., 148 Pa. 117; Chester v. W. U. Tel. Co., 154 Pa. 464; West Conshohocken Boro. v. Elec. Light & Power Co., 29 Pa. Superior Ct. 7.

OPINION BY RICE, P. J., July 13, 1911:

The appellee contends that this appeal is not properly here and should be dismissed. The grounds of this contention appear to be that the equity rules relating to trials in equity have not been observed. This makes it important to give a somewhat extended recital of the proceedings brought up for review. They were instituted by petition of the plaintiff, under the Act of April 17,

1905, P. L. 183, providing for the determination of disputes as to the reasonableness of the amount of license fees between municipal corporations and telegraph, telephone, or light or power companies. The petition alleged, inter alia, that the borough had enacted an ordinance imposing upon telephone and similar companies a license tax of fifty cents for each pole of the company maintained in the highways of the borough; that the borough was attempting to collect from the petitioner, for the year 1910, a license tax, at this rate, upon its eighty-five poles; that the charge was grossly excessive and unreasonable and was made for revenue; and that, by reason thereof, a dispute had arisen between the petitioner and the borough. The petition concluded with a prayer for citation upon the borough to appear, answer, and show cause why the license fee or tax should not be reduced. A citation was awarded by the court, in response to which the borough filed an answer, setting forth that the ordinance was enacted in 1902; that in 1907, upon the petitioner's application, the borough, by ordinance, granted the privilege of setting its poles and operating its lines in the borough highways; that the company's written acceptance of "all terms, conditions, and provisions of said ordinance," was filed with the secretary of council within thirty days, as provided by sec. 10. A copy of the entire ordinance was annexed as an exhibit, and sec. 9 reads as follows: "The said Johnstown Telephone Company shall be governed by all the legal ordinances of a general nature now in force or that may hereafter be enacted; and nothing herein contained shall be considered as a waiver of any reasonable police regulations." After reciting these facts, the answer averred that the acceptance of the grant constituted a binding contract under which the company was liable for the amount claimed, with which the court had no power to interfere, and that "the question as to whether said sums of money are for revenue and unreasonable or not is not before your honorable court, as said question is covered by the terms

of the contract voluntarily entered into by the parties thereto." Wherefore the respondent prayed that the citation issued on behalf of the petitioner be dismissed.   · ·

The regular course of procedure upon applications under the act of 1905 is prescribed by the act and is as follows: "At any time after the return day fixed in the said citation, the said court shall, upon application of either party, fix a date for the hearing of the issue raised by said petition and answer; and thereupon shall take the evidence, and decide the said dispute in the way and manner provided by law for the hearing of cases in equity." At such hearing the burden of proof is upon the petitioner, and it is therefore incumbent on it to furnish evidence that will enable the court to determine the amount of the annual license fees which shall be paid to the municipality in order to properly compensate it for the necessary cost of the services performed or to be performed by it for the inspection and regulation of the poles, wires, etc. If at such hearing the petitioner produces no evidence, the court may dismiss the petition, and the validity of the decree will not be affected by the fact that the court gave a wrong reason for doing so. But, in the event of such decree, there must have been a hearing at which the petitioner had an opportunity to produce his evidence.

While the record in the present case shows that the court fixed a time for hearing, it fails to show upon whose application the order was made, or what occurred at the hearing, or that it was for the purpose of determining the reasonableness or unreasonableness of the license fee. On the contrary, it is reasonably inferable, from the opinion and decree, that the only question considered or deemed to be before the court at that time, was whether the petitioner was barred, by its acceptance of the ordinance of 1907, from having the reasonableness of the license fee fixed by the ordinance of 1902 inquired into. The learned court held that it was barred, and therefore entered a final decree dismissing the citation, fixing the amount of

the annual license tax to be paid by the petitioner in accordance with the provisions of the ordinance of 1902, and directing judgment to be entered in favor of the borough and against the petitioner for the amount due at that rate. Accordingly, as appears by the record, judgment was entered for $42.52. The petitioner excepted to the opinion, decision and decree, and later took this appeal.

The case is plainly distinguishable from Shamokin, & Coal Twp. Light & Power Co. v. John, 18 Pa. Superior Ct. 498, upon which appellee's counsel relies. That was a case in equity, which had been tried in accordance with the equity rules, and, after trial, the judge had filed his findings of fact and conclusions of law, and his decree, which, in view of the whole record, was presumably entered as a decree nisi. The counsel for the plaintiff filed exceptions to the rulings of the court on certain requests for findings of fact, and to the court's answer to certain requests for conclusions of law, and to the decree, but, without waiting for these exceptions to be passed on by the court, took an appeal. We held that it was prematurely taken and, therefore, quashed it and remitted the cause to be further proceeded with according to law and the rules of equity practice. Here, there was no trial, but, according to the statement of appellee's counsel, the case was placed on the argument list, which tends to support the inference we have already drawn from the opinion of the court, that the only hearing was upon the preliminary legal question whether the petitioner had a right to be heard on its complaint. Nor is there any ground for inferring, as there was in the case cited, that the decree was intended to be a decree nisi. On the contrary, it is very clear that it was intended to be a final decree, and it was so interpreted when judgment was entered pursuant to it for the amount awarded the borough. If there was irregularity of procedure, it does not satisfactorily appear that the petitioner was so far responsible for it as to be precluded by it from appealing in

order that it may have such a hearing as the statute and the rules of equity practice entitle it to.

Finding no technical obstacle in the way, we proceed to consideration of the substantial question, namely, Did the petitioner, by its acceptance of the ordinance of 1907, become bound, by contract, to pay a license tax according to the rate established by the ordinance of 1902, whether such rate was reasonable or unreasonable, and whether the ordinance was enacted for his revenue purposes or in the bona fide exercise of the police power vested in the borough? The learned judge based his decision on Cochranton Borough v. Cochranton Telephone Co., 41 Pa. Superior Ct. 146. In that case, the original grantee of the privilege accepted and expressly agreed to abide and be governed by the provisions of a certain designated general ordinance imposing an annual license of fifty cents on each pole, and could not have got the privilege without doing so. We held that, in an action to recover the license tax, the corporation which had succeeded to the rights, powers and duties of the original grantee could raise no question as to the reasonableness of the fee. This decision was in accordance with the previous decision of the Supreme Court in Allegheny v. People's Natural Gas & Pipeage Co., 172 Pa. 632, and the reason for it is plain. Where a borough may withhold consent altogether, it may prescribe the conditions upon which it will grant it, and the acceptance of these conditions constitutes a contract. In the present case, the telephone company did not accept the terms and provisions of any particular ordinance, as was done in the Cochranton Borough case, but, by its acceptance, merely agreed to be "governed by all the legal ordinances of a general nature now in force or that may hereafter be enacted." An ordinance which is unreasonable cannot be said to be a legal ordinance, within the meaning of such an agreement. Of course, the company was bound by all legal ordinances, though not specifically referred to, imposing reasonable license fees upon such companies.

But it was no more bound, by agreement, to pay unreasonable fees theretofore imposed than it was to pay unreasonable fees that might thereafter be imposed. The case is so plainly distinguishable from the Cochranton Borough case, and the principle that would be involved in holding that the company was barred, by its agreement, from having the reasonableness of the fees established by the ordinance of 1902 inquired into, is so plainly in contravention of the true spirit and intent of the act of 1905, that there is not much room for discussion. Upon the whole case, we conclude that the petitioner is entitled to a hearing at which it shall have an opportunity to present evidence in support of its allegations, and that the record must be remitted for that purpose.

The decree is reversed, the judgment entered pursuant thereto is set aside, and the record is remitted for further proceeding according to law; the costs of this appeal to be paid by the appellee.