# Kittanning Borough v. American Natural Gas Company, Appellant.

*Municipalities—Public service corporations—License taxes—Reasonableness—Cost of inspection—Practice—Court and jury.*

1. The power of municipal corporations to defray the expense of inspecting their works is well settled. The presumption is that such license taxes are reasonable and the burden is upon the company objecting to the same to show that they are not reasonable, which may be done by showing that the cost of inspection is much less than the license tax imposed.

2. Where a municipality brings an action of assumpsit against a public service corporation to recover such license taxes, the proper practice is for the plaintiff to introduce the ordinance in evidence, prove that the license taxes have not been paid and rest. The burden is then upon the defendant to prove that the fees were excessive and unreasonable. A municipality is not required to show the cost of inspection and supervision until after a defense of this character has been offered by the defendant.

3. In such a case where the question of the reasonableness of the ordinance is a mixed question of law and fact, depending upon conflicting testimony, the case is necessarily for the jury, and the action of the court in charging that the final decision of the borough cannot be inquired into is erroneous.

4. Ordinarily it is the duty of the court to say in such a case whether, under the established facts, the ordinance is reasonable or unreasonable, but if the testimony be conflicting as to the material facts upon which the reasonableness of the ordinance depends, it may become a mixed question of law and fact to be submitted to the jury under proper instructions by the court.

5. In an action by a municipality against a public service corporation to recover license fees, where the evidence shows that the aggregate amount of the license fees charged on all companies similarly situated in the borough, and which contributed to the cost of inspection, so greatly exceeded the actual cost of inspection as to warrant a finding that the charges were excessive and to justify the conclusion that the ordinance was unreasonable, the court commits error in charging that the borough authorities were the only tribunal that could decide the amount of the license.

Argued October 9, 1912. Appeal, No. 78, Oct. T., 1912, by defendant, from judgment of C. P. Armstrong

Co., June T., 1911, No. 213, on verdict for plaintiff in case of Kittanning Borough v. American Natural Gas Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit to recover license fees. Before PATTON, P. J.

The opinion of the Supreme Court states the case.

The court charged in part as follows:—

"As we view the matter the burgess and town council are the proper persons to pass such an ordinance and it is for them to say whether $30 a mile is a reasonable amount or not. Under the law the jury cannot set up their opinion as against the burgess and town council. Neither can the court." (10)

Verdict for plaintiff for $3,086.22 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was (10) instruction, as above.

*Floy C. Jones,* with him *Lyon & Hunter* and *Heiner & Golden,* for appellant.

*H. A. Heilman,* with him *R. A. McCullough,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 13, 1913:

If anything can be considered as settled under the decisions of our Pennsylvania courts it is that municipalities under the guise of a police regulation cannot impose a revenue tax. This principle has been so uniformly and repeatedly asserted that it is unnecessary to cite authorities in support of it. The law is well understood, but many difficulties arise in its application. It is apparent from the large number of cases brought before the appellate courts for review that the munici-

palities and corporations involved in this class of cases either cannot agree as to what the law means, or are unwilling to have it enforced according to its spirit and purpose. This should not be, and if both parties were willing to treat the question upon an equitable and fair basis, more satisfactory results would be obtained and less expensive litigation arise. It is too late to question the power of municipal authorities to exercise reasonable inspection and supervision over public service corporations within the corporate limits of municipalities. This is a police regulation which has always been recognized and always will be. If expenses are incurred in the exercise of this police power someone must pay them, and it is only fair that the private corporation enjoying the franchise and serving the public for profit should bear this burden. The municipal authorities must in the first instance determine what kind of inspection is necessary and furnish the officers and instrumentalities with which to make it—the right to be reimbursed for the cost of inspection and expenses thus incurred the law recognizes. However, the municipalities are not required to wait until such expenses have been incurred and paid and then by ordinance or otherwise provide for their collection, but the reasonable cost of inspection during the entire year may be anticipated and an ordinance passed fixing the amount of an annual license fee with which to pay such expenses. When such a license fee is imposed the kind, character and cost of inspection must necessarily be the guiding thought of those whose duty it is to deal with the question. If the municipal authorities desire such inspection, or deem it necessary as a protection to the public, they must take the initiative by providing for it and fixing the amount of the annual license fee to pay for it. The presumption is that municipal officers do their duty and in fixing the amount of such license fees have due regard to the probable and reasonable cost of inspection, which is the only legal test of the validity of such an ordinance. This,

however, is only a presumption which like every other
presumption may be rebutted by facts sufficient to over-
come it.  It may be helpful in this connection to indi-
cate the proper practice in the trial of this and other
like causes.  In the present case the action is in as-
sumpsit to recover the annual license fees remaining
unpaid for several years.  It was only necessary to in-
troduce in evidence the ordinance, or ordinances, relied
on to sustain a recovery, and to prove that the license
fees were not paid in order to make out a prima facie
case in favor of the plaintiff.  The burden was then on
the defendant to overcome this prima facie case.  This
could be done by offering proofs to show that in point
of fact no inspection had been made and no expense in-
curred during the period for which suit was brought, or
by showing that the license fee charged was excessive
and unreasonable for the cost and expenses of such
supervision and surveillance as were actually exercised
by the borough.  The borough is not required to show
the cost of proper inspection and surveillance in the
presentation of its case in chief.  It is incumbent on
the party who alleges the invalidity of an ordinance
upon the ground of unreasonableness to aver and prove
the facts that make it so: Kittanning Boro. v. Nat. Gas
Co., 26 Pa. Superior Ct. 355; Kittanning Boro. v. Water
Co., 35 Pa. Superior Ct. 174.  In the case at bar ap-
pellant undertook to bear the burden and offered proofs
in support of its contention that the license fee charged
was excessive and unreasonable for such inspection as
was actually made.  The proofs showed that under the
license fee ordinances the borough charged for the mains
and pipes of gas and water companies and the poles
and wires of telegraph, telephone and electric companies
in 1906, $1,649.96; in 1907, $1,789.56; in 1908, $1,689.56;
in 1909, $1,982.15, and in 1910, $1,817.21.  The inspec-
tion was made by police officers and the testimony is
very meagre as to the extent and cost of such inspec-
tion.  The borough paid these police officers fixed salaries

for the performance of all their duties, which, of course, included the duty of inspection under the ordinances in question. The borough in fixing the amount of the annual license fee had the right to take into consideration and charge such a fair share of these fixed salaries as would reasonably compensate it for the time and expenses of its officers in making the inspection. Then, again, if in the digging of ditches or the repair of lines by these public service corporations, the borough incurs expense by way of increased inspection, or in keeping the streets in safe condition for public travel while the repairs are being made, such items may be included in estimating the reasonable cost of inspection. But all of these things should be the subject of definite proofs when the reasonableness of the ordinance is attacked and the matter is before the court for judicial inquiry. Ordinarily it is the duty of the court to say under the established facts whether the ordinance is reasonable or unreasonable, but if the testimony be conflicting as to the material facts upon which the reasonableness of the ordinance depends, it may become a mixed question of law and fact to be submitted to the jury under proper instructions by the court. In our opinion this is such a case. If under the evidence the jury should find that the cost of inspection to the borough, including all such items as are above indicated, was, say, $100 a year, for which a charge of $1,700 was made, and that a fair share of this cost to appellant would be $25 a year for which it was charged $500, the conclusion would seem to be irresistible that the charge was excessive and the ordinance unreasonable. At least in such a case the facts should be ascertained in order that the law may be properly applied. In the consideration of this case the learned court below took the view that it was concluded by Kittanning Boro. v. Consolidated Nat. Gas Co., 219 Pa. 250; Kittanning Boro. v. Kittanning Cons. Nat. Gas. Co., 26 Pa. Superior Ct. 355; and Kittanning Boro. v. Garretts Run Gas Co., 35

Pa. Superior Ct. 167. As the case then stood we can understand how the learned court felt constrained to follow the rule of these cases, but according to our view the facts of the present case are substantially different from those cited and relied on. In the present case the evidence shows that the aggregate amount of the license fees charged on all the companies similarly situated in the borough and which contributed to the cost of inspection so greatly exceeded the actual cost of inspection as to warrant a finding that the charges were excessive and to justify the conclusion that the ordinance was unreasonable. Under these circumstances we think the case should have been considered upon its merits in the light of the evidence produced at the trial and that it was not ruled by former cases in which a different state of facts was presented. We fully agree that in matters of this character municipalities must be given reasonable latitude in fixing annual license fees to cover anticipated expenses to be incurred in making necessary inspections and exercising supervision over the lines of public service corporations as a protection to the public, and that the courts should resolve all doubts in favor of the validity of such ordinances. But on the other hand it will not do to shut our eyes to the real facts and permit a municipality to do that which the law says must not be done, that is, raise general revenue under the guise of a police regulation. The wise and proper course for both the municipality and the public service corporation to pursue is to treat this vexed question in a spirit of equity and fairness in dealing with each other.

We have not discussed the several assignments of error in detail as they all depend upon the general principles of law hereinbefore discussed. For the purposes of this appeal the tenth assignment of error is sustained. That part of the charge complained of is not a correct view of the law. Some of the other assignments are

meritorious, but inasmuch as there is to be a new trial it will be unnecessary to discuss them further.

We cannot agree with the contention of the learned counsel for appellee that appellant is estopped from raising the question of the reasonableness of the ordinance because the Garretts Run Gas Company, one of the merged corporations, in accepting its franchise did so with the provision that it would comply with all the ordinances heretofore passed in regard to natural gas companies. The answer to this position is found in Johnstown Telephone Co. v. Ferndale Boro., 47 Pa. Superior Ct. 461. If the present ordinance should be declared invalid because unreasonable it would have no binding effect upon the parties.

Judgment reversed and a venire facias de novo awarded.