# Kittanning Borough *v.* American Natural Gas Company, Appellant.

*Municipalities — Boroughs — Natural gas companies — License fees — Reasonableness—Cost of inspection—Case for jury.*

1. Municipalities cannot impose a revenue tax under the guise of a police regulation.

2. Whether an ordinance imposing a license tax be reasonable and consistent with the law is generally a question for the court. When the reasonableness of the ordinance turns upon the amount of a license charge it may rightly be left to the determination of a jury as a mixed question of law and fact.

3. Prima facie an ordinance fixing an annual license charge upon a public service corporation for police supervision is presumed to be reasonable but this is a presumption only which can always be rebutted by facts showing it to be unreasonable. It devolves upon the complaining company to show that the ordinance is not reasonable.

4. When the reasonableness of a license charge under an ordinance is tried before a jury the parties are entitled to a finding of the jury upon that question unless the testimony is such as to com-

pel a decision one way or the other, in which event the court may in a proper case direct a verdict.

5. In an action by a borough to recover delinquent annual license fees charged against a natural gas company, where it was alleged that the charges were unreasonable, in that they were largely in excess of the actual cost of inspection, the case was necessarily for the jury, where there was evidence, although contradicted, tending to show the cost of inspection and from which the jury might have drawn the conclusion that the fees were not unreasonable.

Argued Oct. 2, 1914. Appeal, No. 222, Oct. T., 1914, by defendant, from judgment of C. P. Armstrong Co., June T., 1911, No. 213, on verdict for plaintiff in case of Kittanning Borough v. American Natural Gas Company, a corporation. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover license fees. Before CAMERON, P. J., specially presiding.

The facts appear in the opinion of the Supreme Court and in Kittanning Boro. v. Nat. Gas Co., 239 Pa. 210.

Verdict for plaintiff for $3,354.90 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury, answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Floy C. Jones,* with him *Walter Lyon* and *Heiner & Golden,* for appellant,

*R. A. McCullough,* with him *H. A. Heilman,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 2, 1915:

It is time for this litigation to come to an end. The case has been pending in the court below for several years and this is the second time it has been before the Supreme Court on appeal. As disclosed by the record

the evidence relating to the cost of inspection is meagre and unsatisfactory, all of which was pointed out when the case was here before, but for some reason the parties themselves agreed to stand by their guns upon the testimony offered at the former trial.  One week prior to the last trial counsel for the respective parties entered into an agreement that no witnesses should be subpœnaed by either side, and that the testimony introduced at the first trial should constitute the evidence at the second.  With this understanding the case was tried.  No new testimony was introduced.  As to the material facts the evidence is substantially as it was when here before.  Each side contends that under our former ruling some advantage has accrued to it by reason of this situation. Appellant contends that the burden was on the borough to offer definite proofs showing the actual cost of inspection, and having failed to introduce any new testimony at the second trial, there can be no recovery because of what was said in our former opinion.  On the other hand, it is contended for the borough, that this court decided on the former appeal under all the circumstances the case was for the jury, and it having been so submitted upon facts sufficient to warrant the verdict, there was a compliance with our direction, and hence the judgment should not be disturbed.  While each of these contentions has merit we are not convinced that any reversible error was committed in submitting the case to the jury.  We did decide on the former appeal that the case was for the jury.  It is likewise true, we pointed out in that opinion the proper practice in such cases and indicated in a general way what items of expense should be included in determining the cost of inspection.  We intended these suggestions as aids to counsel when the case was again tried, but that they did not bear fruit is shown by the present record.  Who is at fault?  Appellant contends that the borough is at fault and asks for a reversal on this ground.  With this position we cannot entirely agree, although in some respects it is well taken.  It

was the duty of both sides to aid the court and jury by meeting the requirements of the law. The material fact for determination was the cost of inspection and the trial should have been conducted with this end in view. We cannot say, however, that no duty rested upon appellant in this regard. It must not be overlooked that the borough made out a prima facie case by introducing in evidence the ordinance relied on to sustain a recovery and by showing that the annual license fees had not been paid during the years in question. The burden was then on appellant to show by the evidence that the license charges were unreasonable in that they were largely in excess of the actual cost of inspection. To do this it was necessary to prove not only what kind of inspection was made but what it cost. Testimony was offered along these lines, but it only showed the kind of inspection made from time to time and did not undertake to fix definitely what it cost the borough. Counsel for appellant could have developed these facts more in detail by the cross-examination of the officers of the borough, or by calling the officers who made the inspection as witnesses to prove the necessary facts. The witnesses called did testify to the facts in a general way, but their testimony is vague and indefinite, and entirely unsatisfactory as a basis for determining what the cost of inspection was. However, this situation is as much due to failure upon the part of appellant to more definitely establish the facts as it is to appellee. Under these circumstances we must conclude that both parties took their chances of having the case go to the jury upon the evidence which it was agreed should be submitted at the trial. Appellant is not therefore in position to say that the learned trial judge committed error in submitting the case to the tribunal which this court said should determine the facts. If the facts as developed at the trial were insufficient to sustain the verdict it would be necessary to reverse the judgment. We cannot say that the facts are insufficient. The testimony shows that the officers of

the borough made frequent inspections of the streets and alleys to discover leaks in the mains, and when the highways were torn up by digging trenches they exercised supervision and made repairs when necessary. Then there were annual inspections which required several days to make. If appellant had established by witnesses called for the purpose what the cost of inspection was, and if there had been no conflict in the testimony, it would have been the duty of the court to say whether upon the undisputed facts the ordinance was reasonable or unreasonable. The same result might be obtained by directing a verdict, if the facts were undisputed and warranted such a direction. In such cases the primary purpose of a jury trial is to determine the cost of inspection where the facts are in dispute; if the facts are not in dispute, and the cost of inspection sufficiently appears, it is the duty of the court to determine the reasonableness of the ordinance as a matter of law. In the present case the cost of inspection was in dispute, and this is why we said on the former appeal, it was for the jury to determine the fact. In what we have thus far said it must not be understood that we approve the course of procedure by the borough at the trial. It was the duty of the borough to aid the court, and to help the jury by disclosing all the facts upon which it relied to sustain the annual license fee charged. It was in better position to disclose these facts than the other party to this litigation; and if the borough were here on appeal, what is said in this opinion as to appellant might very properly apply to it. The borough was at fault in not offering more definite proofs of the cost of inspection, but upon this record, appellant is not in position to take advantage of it. We must not be understood as deciding that the annual license fee sustained in the present case is fixed as a reasonable charge for all future years. The present suit was instituted to recover for delinquencies in payment of license fees for several years past—some of the years antedating the time when

appellant took over the gas lines. This may account for the failure to produce definite proofs of what the cost of inspection was in those years. This will not apply to the present and future years. If the question be again raised, the facts should be more definitely ascertained and this can be done by calling the officers who did the work as witnesses. When those who did the work of inspection are called as witnesses, they should disclose what kind of inspection they made, how much time was employed in making the inspection, and what that inspection cost in dollars and cents upon the basis of the wages of the officers or men who made it. If expenses were incurred by the borough in making repairs to the streets or in any other manner connected with the inspection or supervision of the gas mains, these items of expense should likewise be made the subject of definite proofs.

Before concluding this opinion, it may be helpful in the trial of such cases in the future to indicate some general rules which should be accepted as settled law. One of these is that municipalities cannot impose a revenue tax under the guise of a police regulation: Kittanning Boro. v. Nat. Gas Co., 239 Pa. 210. Whether an ordinance be reasonable and consistent with the law is generally a question for the court, yet when the question of reasonableness turns upon the amount of a license charge it may rightly be left to the determination of a jury: Atlantic & P. Telegraph Co. v. Philadelphia, 190 U. S. 160; Postal Telegraph Cable Co. v. New Hope, 192 U. S. 55; Kittanning Boro. v. Nat. Gas Co., 239 Pa. 210. Prima facie, an ordinance fixing an annual license charge upon a public service corporation for police supervision is presumed to be reasonable, but this is a presumption only which can always be rebutted by facts showing it to be unreasonable. It devolves upon the complaining company to show that the ordinance is not reasonable: Western Union Telegraph Co. v. New Hope, 187 U. S. 419; Atlantic & P. Telegraph Co. v. Philadel-

phia, 190 U. S. 160-165; Kittanning Boro. v. Nat. Gas Company, 239 Pa. 210. When the reasonableness of a license charge under an ordinance is tried before a jury, the parties are entitled to a finding of the jury upon that question, unless the testimony is such as to compel a decision one way or the other, in which event the court may in a proper case direct a verdict: Atlantic & P. Telegraph Co., 190 U. S. 160-167.

Judgment affirmed.