## Petition of Pennsylvania Gas Company.

*Municipalities—Cities of third class—Gas companies—City inspection—Pipes and mains—License fee—Unreasonable fee—Reduction by Common Pleas Court—Act of July 26, 1913, P. L. 1371, Section 1—Constitutional law—Pa. Const., Art. III, Sec. 3.*

1. The Act of July 26, 1913, P. L. 1371, conferring upon the Common Pleas Court power to reduce the amount of a license fee charged by a municipality for inspection of conduits of gas companies and certain other companies occupying the highways of a municipality, when the amount of such fee is unreasonable, is constitutional, as to section 1, the title being sufficient as to that section.

2. A municipality may collect the cost of reasonable inspection and regulation of a gas company's mains in a public street, but the amount so collected must be limited to the necessary costs of such inspection and regulation, and cannot be in fact a tax for revenue for general purposes.

3. A city of the third class passed an ordinance requiring an annual inspection and supervision of conduits of gas companies occupying the public streets of the city, and imposed an annual license fee therefor of $30 per mile of such pipe. A gas company maintaining lines within the city limits petitioned the Court of Common Pleas, averring that the said license fee was unreasonable

and void and praying that it be reduced in amount. It appeared that no regular inspection was made in behalf of the city other than what the police, fire, engineering and street departments did in the performance of their other duties, and that no extra expenses were incurred for such inspection; and that the actual cost to the city for such inspection and regulation of the mains and conduits of the petitioner did not exceed $7.50 per mile. *Held,* the lower court did not err in declaring the amount fixed in the ordinance to be excessive and that $7.50 per mile be fixed as the annual fee to be collected by the city from the petitioner.

Argued April 24, 1917. Appeal, No. 14, Jan. T., 1917, by City of Erie, from decree of C. P. Erie Co., Feb. T., 1915, No. 251, reducing municipal inspection license fee in re Petition of Pennsylvania Gas Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Petition by gas company under Act of July 26, 1913, P. L. 1371, Section 1, for the reduction of a license fee charged by the City of Erie for the inspection and regulation of conduits. Before ROSSITER, P. J.

The facts appear in the following opinion of the lower court:

The proceedings in this case were had under the Act of April 17, 1905, P. L. 183, as amended by the Act of July 26, 1913, P. L. 1371, to decide a dispute between the petitioner, the Pennsylvania Gas Company, and the respondent, the City of Erie, as to the reasonableness of a license fee charged by the respondent against the petitioner.

The case was heard upon petition, answer and testimony.

The facts are found as follows:

First: That the petitioner is a corporation existing under the laws of the State of Pennsylvania, engaged in the production and transportation of natural gas; supplies natural gas to the public in the City of Erie; occupies the streets of the City of Erie by virtue of an

ordinance approved March 8, 1886, which ordinance was offered in evidence.

Second: That the petitioner owns, maintains and operates in and upon the streets, lanes, alleys and other highways of the City of Erie, 120.22 miles of pipe and conduits; that 16 or 18 miles of this pipe is high pressure pipe, and the rest low pressure.

Third: That the respondent, the City of Erie, is a city of the third class.

Fourth: That on the 6th day of April, 1908, the respondent, the City of Erie, enacted Ordinance Bill No. 2917, of which the following is a copy:

An ordinance providing for inspection by the police department of the City of Erie, of all pipes and mains of manufactured gas companies, natural gas companies, water companies, steam heating and other companies maintaining or operating such pipes and mains in the streets, avenues and alleys of the City of Erie; imposing an annual license fee for each mile of such pipes and mains; and providing a penalty for the violation of the provisions hereof.

Be it enacted by the select and common councils of the City of Erie:

Section 1. That all of the pipes and mains of each and every manufactured gas company, natural gas company, water company, steam heating company and other companies maintaining or operating pipes and mains in the streets, avenues and alleys of the City of Erie, shall be inspected annually, or as often as may be required for proper and adequate supervision and inspection, by the police department of this city. The said inspection shall be carried on as aforesaid by said department, to insure the proper and safe maintenance and operation of all such pipes and mains in the streets, etc., aforesaid.

Section 2. That each mile of such pipes or mains, laid or maintained in the streets, avenues and alleys, within the limits of the City of Erie, shall be liable to an annual license fee of thirty ($30) dollars.

Section 3. The said license fee shall be paid by each of the said companies to the treasurer of the City of Erie, on or before the first day of June of each year, hereafter, and said officer shall issue his receipt therefor, showing the number of pipes and mains for which the license has been paid.

Section 4. Any person, firm, corporation or company, who shall violate any of the provisions of this ordinance, shall be subject to a penalty of one hundred ($100) dollars for each and every offense, to be sued for and recovered in the manner now provided by law for the recovery of like penalties.

Section 5. That all ordinances, or parts thereof, conflicting herewith, be and the same are hereby repealed.

Approved by the mayor, April 6, 1908.

Fifth : That the petitioner has continued to use, maintain and operate the said lines of pipe and conduit in and upon the streets, etc., of the City of Erie, but now refuses payment of the license charges specified in Ordinance No. 2917, averring that the said license is unreasonable, unlawful, and therefore void; that there was due, under the ordinance, June 1, 1914, three thousand six hundred and six dollars and sixty cents ($3,606.60) ; and that the petitioner refuses to pay said sum or any amounts accruing under the ordinance since that time.

Sixth : That the City of Erie employs police, fire, engineering, electrical and street departments, at a large expense, whose duty it is, in a general way, to inspect the lines, mains and conduits of the petitioner.

Seventh : That no regular inspection or any inspection at any particular time or in any particular way was made by the respondent of the mains of the petitioner. The only inspection made is that made by different departments of the city, such as the police, fire, engineering, electrical and street departments; is incidental only, and while those departments are in the performance of other duties; and consists principally in reporting breaks and leaks in the mains which come under the

observation of either of them while performing their other duties, but it does not appear that any extra expense has been or is now occasioned to the respondent by reason of such inspection.

Eighth: That it is no more difficult or expensive to inspect the high than the low pressure mains.

Ninth: That the actual cost to the respondent for the inspection and regulation of the mains and conduits of the petitioner does not exceed the annual expense of seven dollars and fifty cents ($7.50) per mile for each of the 120.22 miles of pipe.

Tenth: That the amount fixed in the ordinance is excessive and unreasonable.

Eleventh: That the petitioner has a first-class and up-to-date system and keeps it under inspection and in good repair.

### CONCLUSIONS OF LAW.

First: The City of Erie, a city of the third class, may collect the cost of reasonable inspection and regulation of the petitioner's mains in the public street, but the amount so collected must be limited to the necessary cost of such inspection and regulation and cannot be in fact a tax for revenue for general purposes.

Second: That the first section of the Act of July 26, 1913, P. L. 1371, is constitutional.

Third: That under the Act of April 17, 1905, P. L. 183, as amended by the Act of July 26, 1913, P. L. 1371, the court has power to reduce the license fee named in any ordinance of a municipality for the inspection and regulation of conduits, where the same is unreasonably excessive.

Fourth: That under the Act of April 17, 1905, P. L. 183, and its amendment of July 26, 1913, P. L. 1371, the court may fix such license fee at what the evidence shows would properly compensate the respondent for necessary regulation and inspection.

Fifth: That the annual cost of the inspection and

regulation of the lines and mains of the petitioner in the streets, alleys and other highways of the City of Erie, as often as may be required, for proper and adequate inspection and regulation, does not exceed the sum of seven dollars and fifty cents ($7.50) per mile per year; such amount is hereby found to be a reasonable annual compensation for such inspection and regulation as may hereafter be performed under the terms of the ordinance.

The lower court entered a decree fixing $7.50 per mile as the annual license fee to be collected by the City of Erie from the petitioner for each mile of pipe or conduit located within the city limits. The City of Erie appealed.

*Errors assigned,* among others, were (1) finding of the court that the first section of the Act of July 26, 1913, P. L. 1371, is constitutional, and (7) the decree of the court.

*H. Bedford Duff,* with him *M. C. Cornell,* for appellant.

*J. E. Mullin,* with him *Alexander & Clark* and *Gunnison, Fish, Gifford & Chapin,* for appellee.

PER CURIAM, May 14, 1917:
The decree is affirmed on the findings of fact and conclusions of law by the learned court below.