## Adams v. City of New Kensington

P. K. *Jones* and V. R. *Smith*, for plaintiff.

*Harry W. Crum* and *Carroll Caruthers*, for defendant.

McWHERTER, J., January 20, 1947.—Plaintiff, in his bill of complaint, avers that he is a resident of the City of New Kensington, Westmoreland County, Pa., and operates music boxes, sometimes known as juke boxes and automatic phonographs, and has set said machines in operation in various places of business throughout the County of Westmoreland, including the City of New Kensington.

Plaintiff avers that the City of New Kensington passed an ordinance, being Ordinance No. 159, entitled, "An Ordinance regulating the use, operation and possession, providing for the licensing of, fixing license fees for music boxes, juke boxes and mechanical vending machines, and imposing penalties for the violation thereof."

Plaintiff avers that the ordinance became effective March 1, 1946, and attached a copy of the ordinance to the bill, which ordinance provides a license fee for each of said music boxes, juke boxes and automatic phonographs in the sum of $25 per year and provides for penalties of not less than $50 nor more than $100

for failure to take out a license for each of said devices.

Paragraph 5 of the bill avers as follows:

"5. Plaintiff avers that there is no authority in the Constitution of Pennsylvania nor in the statutes of Pennsylvania for the passage of such an ordinance or for the collection of said license fees, in that:

"(a) Said ordinance enacted by said municipality violates article I, sec. 9 of the Constitution of Pennsylvania; (b) said ordinance enacted by said municipality violates article 1, sec. 10 of the Constitution of Pennsylvania; (c) said ordinance enacted by said municipality violates article IX, sec. 1 of the Constitution of Pennsylvania; (d) said ordinance enacted by said municipality violates the fourteenth amendment of the Constitution of the United States; that the title of said ordinance does not state its real purpose fairly or with sufficient definiteness, and is consequently unconstitutional and void;

"That the title of said ordinance and the body of said ordinance are at variance, and it is consequently unconstitutional and void;

"That the said ordinance imposes a burden and responsibility and gives no notice of the intention of imposing such burden and responsibility in the title;

"That said ordinance discriminates between persons engaged in the same trade or business and applies to only certain members of a class;

"That said ordinance contemplates an unwarranted invasion and confiscation of private property without due process of law;

"That the said ordinance is unconstitutional in that it has no relation to public safety, public health, or public morals, and is therefore an illegal exercise of police power, that said ordinance is in restraint of legal operation of trade and of legitimate business.

"That said ordinance is ultra vires and is a revenue-making ordinance and not an exercise of police power."

Paragraph 6 of the bill avers as follows:

"Plaintiff avers that if defendant is permitted to enforce said ordinance, he will be caused irreparable injury."

Plaintiff asked for a preliminary injunction restraining the City of New Kensington from enforcing the ordinance as to plaintiff, which was granted and is still in force.

By an amendment, plaintiff added an additional paragraph to his bill, which amendment reads as follows: "That the City of New Kensington has no authority to levy license taxes for revenue purposes except those set out in The Third Class City Law of June 23, 1931, P. L. 932, sec. 2601; the Act of May 22, 1933, P. L. 927, sec. 1; the Act of July 12, 1935, P. L. 718, sec. 1, 53 PS 12198-2601, and the said proposed Ordinance No. 59, regulating the use, operation and possession of juke boxes, music boxes and mechanical vending machines is unconstitutional and void." A copy of the ordinance was received in evidence and the title thereof reads as is set forth in the bill. The ordinance, in the body thereof, forbids any firm, partnership or corporation from operating the devices above referred to through the medium of insertion therein of a coin, metal or plastic disk, or otherwise. Section 8 of the ordinance provides for an inspection by the chief of police of the city, delegates to said officer the duty of regulating and supervising the operating of devices and delegates to him the power to determine whether or not the installation, maintenance and use of such a device is a public nuisance, and certain other duties, evidently with the intent and purpose of bringing the ordinance within the classification of a regulation under the police power of the city.

The ordinance is void by reason of such delegation of power to the chief of police. The ruse of making

paragraph 8 of the ordinance to be a proper imposition of a duty on the chief of police is not sufficient to remove therefrom the stigma of a plain delegation of power by the city council.

In the case of Commonwealth ex rel. v. Bradley, 40 D. & C. 584, Judge Sara Soffel of Allegheny County was confronted with a similar proposition where the City of Pittsburgh had enacted an ordinance similar to the ordinance of the City of New Kensington now before this court. She rendered a learned and exhaustive opinion invalidating the ordinance. From her opinion we will quote the following (p. 591) :

" 'The police power, originally conceived as applying to the health, morals and safety of the people, has been juridically extended to many fields of social and economic welfare. We have become familiar with statutes fixing rates in the case of industries affected with a public interest; neither is there any novelty in legislation aimed to control prices where the object is to prevent monopoly. But in these, as in all cases, the police power is not unrestricted; its exercise, like that of other governmental powers, is subject to constitutional limitations and judicial review, otherwise we would have an absolute instead of a constitutional scheme of government. It has frequently been stated by federal and state courts alike that a law which purports to be an exercise of the police power must not be arbitrary, unreasonable or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the object sought to be attained. Mugler v. Kansas, 123 U. S. 623, 661; Chicago, Burlington & Quincy Railway Co. v. Drainage Commissioners, 200 U. S. 561, 593; Nebbia v. New York, 291 U. S. 502, 525, 537, 539; Mahon v. Pennsylvania Coal Co., 274 Pa. 489, 497; White's Appeal, 287 Pa. 259, 265; Breinig v. Allegheny County, 332 Pa. 474, 483. "The legislature

may not, under the guise of protecting the public interests, arbitrarily interfere with private business, or impose unusual and unnecessary restrictions upon lawful occupations": Lawton v. Steele, 152 U. S. 133, 137; Otis v. Parker, 187 U. S. 606, 608; Burns Baking Co. v. Bryan, 264 U. S. 504, 513.' . . .

" 'Likewise the rules elsewhere given forbidding the delegation of power, legislative or otherwise, discriminations in any form either directly or indirectly as to persons or classes, and oppressive and unreasonable regulations, conferring arbitrary power or unnecessarily interfering with natural or common rights, must be duly observed in the enactment and enforcement of police regulations. The police ordinance must prescribe a general and uniform rule and conditions for the regulations, to which all similarly situated may conform. It must be definite and certain in expression. It must not infringe the constitutional guarantees of the nation or state, invade personal or property rights, deny due process of law or equal protection of the laws; must conform to the constitution and general laws of the state, unless as to the latter the constitution or the laws otherwise permit; and must observe good faith in its enactment and show *clearly a substantial and a reasonable relation to the maintenance of the health, morals, peace, safety, order and general welfare of the community.'* . . .

"In the leading case of White's Appeal, 287 Pa. 259, it is held that the exercise of police power 'must have a substantial relation to the public good within the spheres held proper.' Where legislation is to be upheld as a valid exercise of police power, it must be regulatory in character and the fee imposed must be of such size as to indicate clearly that the act was intended to be regulatory and not to provide revenue. A revenue measure otherwise invalid cannot be per-

mitted to stand under the guise of a police power regulation. . . .

" 'The legislature may not, under the guise of protecting the public interests, arbitrarily interfere with private business, or impose unusual and unnecessary restrictions upon lawful occupations. In other words, its determination as to what is a proper exercise of its police powers is not final or conclusive, but is subject to the supervision of the courts.' . . .

" 'A revenue tax may not be imposed under the guise of a police regulation, and this principle applies equally to the state or municipality as a subdivision thereof. As Mr. Justice Elkins stated in Kittanning Boro. v. American Natural Gas Co., 239 Pa. 210, 86 A. 717: "If anything can be considered as settled under the decisions of our Pennsylvania courts it is that municipalities under the guise of a police regulation cannot impose a revenue tax." ' " (Italics supplied.)

Judge Soffel tested the ordinance of the City of Pittsburgh from numerous angles and by each test referred to in the opinion determined the ordinance to be void. We will be guided by that adjudication. I personally dislike juke boxes, find them "personally obnoxious", consider them offensive to the hearing of an adult citizen and do not frequent places of business where they are in operation. However, I must be guided by the law rather than my personal attitude toward these devices.

The testimony discloses that in some instances, in the City of New Kensington, the proprietor of the place of business where the juke box is located causes the alleged music from the instrument to be amplified by a device and loudly sounded at the outside of the building in the street as a means of attracting possible customers. This practice unquestionably would be annoying to a number of citizens of the city. There are other legal ways of stopping such a nuisance, if a

nuisance it be, without resorting to an ordinance such as this. I will not enlarge this opinion by attempting to point out the remedies which I believe could be employed for such purposes.

Counsel for defendant in their request for findings of fact were guilty of loose and poor pleading in that there was incorporated in the request for findings of fact a number of paragraphs which should have been requests for conclusions of law and some of which were repeated in the request for conclusions of law.

The 10th and 11th requests for findings of fact and the first conclusion of law are lacking in clarity in the mind of the writer of this opinion and were either intentionally or unintentionally presented in what might be termed a tricky or devious phraseology. Each of them will be refused on that ground as well as being inconsistent with the foregoing opinion.

Under the testimony the averments contained in the bill are found to be true with the exception of one sub-paragraph which was stricken from the record on motion, which sub-paragraph reads as follows: "That the said ordinance is purely political and is being sponsored by Clarence W. Walley, mayor, as political retaliation against this complainant by reason of his opposition to the candidacy of Clarence W. Walley in the last municipal election."

## Conclusions of law

1. A court of equity has jurisdiction to restrain municipal authorities from enforcing an ordinance in a proper case.

2. The ordinance is an unconstitutional delegation of power by the City of New Kensington.

3. The ordinance is ultra vires in that the City of New Kensington is limited to the express powers granted by the legislature to a third-class city.

4. The ordinance is void in that it is an attempt to enact a revenue measure under the guise of exercising police power.

5. The operation of the machines and devices described in the ordinance was not and would not be detrimental to the public health, morals or safety.

6. The ordinance is void in that it is a confiscatory measure unlawfully interfering with the use of private property.

7. The ordinance is void in that the title is at variance with the body thereof.

## Decree

Now, January 20, 1947, it is ordered, adjudged and decreed that the preliminary injunction entered at the above term and number on February 16, 1946, be and the same is hereby made permanent in the following form:

(a) That the City of New Kensington, its agents, servants and employes be, and they are hereby enjoined and restrained from in any manner interfering with the business of plaintiff, his agents, servants, employes or bailees in the operation of plaintiff's music boxes, juke boxes, automatic phonograph or similar devices.

(b) That the City of New Kensington, its agents, servants and employes be and they are hereby enjoined from enforcing Ordinance No. 159 against plaintiff, his agents, servants, employes or bailees.

(c) That the City of New Kensington, its agents, servants and employes be, and they are, hereby enjoined from in any manner endeavoring to enforce the penal provisions of said ordinance as to plaintiff, his agents, servants, employes or bailees.

It is further ordered, adjudged and decreed that said Ordinance No. 159 passed by the Council of the City of New Kensington be and the same is hereby adjudged and declared to be void and unenforcible for the reasons set forth in the foregoing opinion.

It is further ordered, adjudged and decreed that defendant's first, second, third, three and one-half and

fourth request for findings of fact are approved and adopted. Defendant's 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th, 15th, 16th, and 17th requests for findings of fact are refused for the reasons hereinbefore assigned in the opinion. Defendant's 18th request for a finding of fact is supported by the testimony and therefore adopted. Each of the defendant's requests for conclusions of law, first to eighth inclusive, is specifically refused. It is further ordered that this decree nisi shall become absolute at the termination of 30 days from the date hereof unless objections are meanwhile filed thereto.