## Shickshinny Borough v. Schmidt, etc.

Before Valentine, P. J., Lewis and Pinola, JJ.

*Thomas E. Roberts*, for plaintiff.

*John A. Crisman*, for defendant.

PINOLA, J., June 16, 1951.—The question before us is whether an ordinance requiring the operator of a motion picture theatre to pay a license fee of $25 per month is legal.

From the case stated it appears that William E. Schmidt operates the Center Theatre in the Borough of Shickshinny, and that heretofore he was required to pay a license fee of $2 per month.

On May 5, 1948, the borough council amended the ordinance providing for the licensing of exhibits, etc., to read that the fee "for nickolettes or moving picture shows, with or without vaudeville, (be) $25.00 per month".

Main Street is a highly traveled highway and at the conclusion of the performances such a large number of persons seeks to cross this highway in front of the theatre that the chief of police finds it necessary to be on hand to control the traffic in order to protect the pedestrians.

On two or three occasions the chief of police has accompanied the employes of defendant with deposits across the street and down one-half block to the bank.

The borough and the school district have each levied a five percent amusement tax, which is collected from the patrons by defendant.

It is agreed in the case stated that "the sole expense to plaintiff, for the administration of the ordinance involved, is the nominal amount for the issuance of the aforementioned permit, plus the police protection aforesaid, if such police protection is allowable".

At argument, it was conceded by the borough that no additional expense is involved for the services of the chief of police in front of the theatre at the conclusion of performances. He is paid a monthly salary and is required to give full time.

Defendant insists that the fee is so excessive as to constitute the ordinance a revenue measure, and therefore it is void.

### Discussion

The court held in Warner Bros., etc., v. Pottstown Borough, 164 Pa. Superior Ct. 91, that the police protection furnished by a borough on request when a taxpayer's funds are taken to the bank for deposit is a general service within the purpose for which real estate taxes are levied.

454

Since the regulation of traffic in the vicinity of the theatre was not requested by defendant, and since the terms of the ordinance do not provide for any special services, the license fee, therefore, cannot be justified on the ground that it will repay the borough for the cost of special services rendered. Cf. American Baseball Club of Philadelphia et al. v. Philadelphia et al., 312 Pa. 311, 167 Atl. 891.

If the license fee is to be justified at all, it must be as a proper exercise of the police power. In this connection, in the Warner case, supra, Judge Hirt pointed out (p. 94) :

"One of the tests of propriety is whether the size of the license fee exacted has a reasonable relation to the borough's cost of regulating motion picture theatres, in the public interest. The primary object of a license tax is to regulate and control the business affected and 'if the amount of a "license fee" is grossly disproportionate to the sum required to pay the cost of the due regulation of the business the "license fee" act will be struck down': Flynn et al. v. Horst et al., 356 Pa. 20, 51 A. 2d 54."

Here no additional cost results from the regulation of the traffic in front of the theatre. The only cost is the nominal amount involved in issuing the license. The fee greatly exceeds that cost.

In Kittanning Boro. v. Am. Nat. Gas Co., 239 Pa. 210, 86 Atl. 717, Mr. Justice Elkin stated the controlling principle:

"If anything can be considered as settled under the decisions of our Pennsylvania courts it is that municipalities under the guise of a police regulation cannot impose a revenue tax."

We are satisfied that raising revenue was the purpose of the amending ordinance and not police control in the public interest, and so we conclude that the sec-

·tion of the ordinance levying the license fee upon motion picture theatres is null and void.

We, therefore, enter the following

### Order

Now, June 16, 1951, judgment is entered for defendant, costs to be paid by plaintiff.