219    250
f 35 SC 170
35 SC 172
f 35 SC 176
26 SC 608
219   250
e224    63
38SC 317

# Kittanning Borough *v.* Consolidated Natural Gas Company, Appellant.

*Taxation—License tax—Municipalities—Boroughs—Natural gas company—Police power.*

A borough has the power to levy an annual mileage license tax on the pipes and mains of a natural gas company maintained within the limits of the borough.

Pittsburg Railways Co. v. Pittsburg, 211 Pa. 479, distinguished.

Argued Oct. 17, 1907. Appeal, No. 70, Oct. T., 1907, by defendant, from judgment of C. P. Armstrong Co., March T., 1906, No. 154, on verdict for plaintiff in case of Kittanning Borough v. Consolidated Natural Gas Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover the amount of a license tax.

The ordinance of the borough of Kittanning under which the tax was levied was as follows:

" Section 1. That every Artificial Gas Company, Natural Gas Company, Water Company's or other Company's mains and pipes within the Borough of Kittanning, shall be inspected by the Police department of the said borough, at least once in every year, that the same may be kept in safe and proper condition.

" Section 2. That each mile of pipes or mains, laid or maintained, within the limits of said borough shall be liable to an annual license fee of thirty ($30.00) dollars for each and every mile.

" Section 3. That said license fee shall be paid to the treasurer of said borough, on or before the first day of October of each year, who shall issue his receipt therefor, showing the number of miles of pipes and mains, for which the license is paid."

Verdict for plaintiff for $1,756.80.

The court subsequently refused to enter judgment for defendant non obstante veredicto, and directed judgment to be entered on the verdict.

*Error assigned* was the order of the court.

*Orr Buffington*, with him *O. W. Gilpin*, for appellant.— The ordinance under which suit is brought is of itself and aside from all general reasoning applicable to the legality of similarly purposed ordinances a direct annual tax levied upon specific personal property. It does not even assume the garb of a so-called license privilege.

It will also be noted that this tax is levied upon each mile of pipe. A company operating less than one mile of pipe would be exempt; therefore the tax is not uniform upon the same class.

*H. A. Heilman*, with him *R. A. McCullough*, for appellee. —The tax was lawful: Kittanning Borough v. Kittanning Consolidated Natural Gas Co., 26 Pa. Superior Ct. 355 ; New Hope Borough v. Postal Telegraph Cable Co., 202 Pa. 532 ; Allegheny City v. Gas Co., 172 Pa. 632 ; Allentown v. Western Union Telegraph Co., 148 Pa. 117 ; Chester v. Phila., Reading & Pottsville Telegraph Co., 148 Pa. 120 ; Chester v. Western Union Telegraph Co., 154 Pa. 464 ; Phila. v. American Union Telegraph Co., 167 Pa. 406.

OPINION BY MR. JUSTICE STEWART, January 6, 1908 :

In disposing of this case it is only necessary to indicate the clear distinction between the case of Pittsburg Railways Co. v. Pittsburg, 211 Pa. 479, and the earlier cases of City of Allentown v. Western Union Tel. Co., 148 Pa. 117, New Hope Borough v. Postal Tel. Cable Co., 202 Pa. 532, and Taylor Borough v. Postal Tel. Cable Co., 202 Pa. ʳ83, with which the former is supposed to conflict. The case of Railways Company v. Pittsburg, supra, decided that a municipality is without authority to levy and assess a tax upon the tracks of a street railway within the corporate limits; that the tax which the city in that case was attempting to collect, was not a tax upon a licensed privilege levied in the exercise of the police power of the city for public purposes, but was distinctively a tax upon the property of the company for purposes of general revenue, and, therefore, could not be sustained. In the ordinance that provided for the levying of the tax it was designated as a license tax ; " but," said Mr. Justice BROWN in the opinion delivered, " no matter what the municipal authorities call it, the question is, what is it ? " He then proceeds, " The tracks of a street

railway company are as much its property as are its power houses, car barns, or repair shops; and, if so, could it be seriously argued that an annual tax of twenty cents per lineal foot on a car barn would not be an annual tax on the property, no matter by what name called, especially if to be collected for the general revenue purposes of the municipality? Manifestly it would be such a tax, and such is the character of the tax which the appellant would impose on the tracks of the appellee." The decision in that case is made to rest definitely and distinctly upon the fact that the thing there subjected to be taxed was property, and that the tax derived was for general revenue. In the cases with which this is supposed to conflict, as in the present case, the thing subjected to the tax or fee is the license privilege allowed in connection with the streets of the borough, and the money realized thereby is to enable the municipality, without cost to itself, to discharge the duty it owes to the public of exercising proper and reasonable surveillance and inspection with respect to the manner in which the company is exercising its privileges. That such an exercise of power is within the right of the municipality has been decided again and again, and the case of Pittsburg Railways Company v. Pittsburg, 211 Pa. 479, asserts nothing to the contrary. The cases in which this right has been upheld are cases where the license tax was exacted for telegraph poles on the public highway, and the tax was laid upon the poles and the wires of the company. It would seem to be utterly without reason to say that a municipality may exact a license tax on the poles and wires of a telegraph company, but may not exact it on the pipes and mains of a water company. The logic that allows it in the one case would compel it in the other. Indeed, considering the frequency with which the public streets are necessarily interfered with by water companies in laying, relaying, and repairing its pipes and mains, there would seem to be much greater reason for the exercise of this right in connection with such companies than with telegraph companies, since the frequency of the disturbance by the former would evidently require a stricter surveillance to secure the safety and convenience of the general public.

The assignments of error are overruled and the judgment is affirmed.