Opinion by
Rice, P. J.,
This action was brought under a borough ordinance requiring inspéction by the police department of the mains and pipes within the borough of all artificial and natural gas companies, water companies and other companies, and imposing an annual license fee of $30.00 for each mile of pipes or mains. The defendant company had about five miles of pipe laid in the borough limits and under the ordinance the annual change amounted to $150.54. The ordinance is the same as that considered in Kittanning Borough v. Kittanning Consolidated Natural Gas Co., 26 Pa. Superior Ct. 355, again in the case of Kittanning Borough v. The Consolidated National Gas Co., 219 Pa. 250, and in the immediately preceding case against the Armstrong Water Company. The general principles relating to such municipal charges have been so fully discussed in these cases and the cases therein cited that we feel justified in limiting what we have to say in the present case to the specific points raised by counsel which have not been particularly noticed in the former decisions.
*171 T. T. Hague, the chief of police of the borough, was not called to testify as an expert or to give opinion evidence, but to testify as to what his official duties were with respect to inspection and supervision of the defendant’s pipes and mains, and as to what he did in the performance of those duties. The cases cited in the appellant’s brief — Davis v. Penna. R. R. Co., 215 Pa. 581, and Markowitz v. P. & C. R. R. Co., 216 Pa. 535 — relate to the qualifications of a witness to give opinion evidence as to land values, which is always a preliminary question for the court. Obviously they do not apply to such testimony as this witness was asked to give. The court committed no error in refusing to permit defendant’s counsel to cross-examine him as to his qualification and fitness for the performance of the duties attached to his office, before giving his testimony.
We are not prepared to say that a case might not arise where the aggregate amount of license fees that would be derived annually by a municipality from all the companies subject to such an ordinance as this' that had pipes and mains in the streets/would be so large as to make that a pertinent fact to be considered by the court in determining whether the annual rate per mile of pipe was excessive, particularly if all the companies occupied the same streets, so that police inspection and supervision of the lines of pipe of all the companies could be made at the same time. But an offer of evidence should aver with reasonable distinctness and certainty the facts sought to be proved; without this the appellate court is not able to say that the rejection of the offer caused any injury: Sweetzer v. Atterbury, 100 Pa. 18. It would have been practicable for the defendant to ascertain the pertinent facts before it called the witness Hutchinson to the stand, and then to specify in its offer the streets occupied by the several companies and the number of miles of pipe of each company laid therein, and the aggregate amount of fees that would be derived by the borough from this source. If this course had been pursued, the record would have been in such shape that we could determine whether the ruling complained of in the second assignment injured the defendant. As the case is *172 presented, all that we can say is that possibly, if the witness had been required to make the necessary computation and then testify to the result, facts might have been brought out that would have been beneficial to the defendant’s side of the case. But whether this would have been so or not is a matter of pure conjecture; it cannot be determined from the offer as made. Therefore, the second assignment is overruled.
The facts that the pipes and mains of the defendant company in the borough of Kittanning are part of its natural gas system, are necessary to carry out its corporate purposes, and are included in its capital stock on which it pays a state tax, are relied on as rendering the company immune from liability for any license fee imposed by borough ordinance. This contention is based on the erroneous assumption that the exaction of such fee subjects the company to double taxation. But the charge is not made by virtue of the taxing power of the borough, but in the exercise of the police power, “to enable the municipality, without cost to itself, to discharge the duty it owes to the public of exercising proper and reasonable surveillance and inspection with respect to the manner in which the company is exercising its privileges:” Stewart, J., in Borough of Kittanning v. The Consolidated National Gas Co., 219 Pa. 250; Braddock Borough v. Allegheny County Telephone Co., 25 Pa. Superior Ct. 544; Allentown v. Western Union Tel. Co., 148 Pa. 117. Unless the ordinance be void for unreasonableness, the company can no more claim to be immune from its provisions than it can from any other reasonable police regulation of the borough relative to the use and occupancy of its streets. The cases cited as to the nonliability of quasi-public corporations to local taxation under the facts above stated have no application to the question of the validity and application of such ordinances as this. Nor does the case of Pittsburg Railways Co. v. Pittsburg, 211 Pa. 479, apply. This has been conclusively decided by the Supreme Court in the case above cited, wherein the very ordinance in question here was under review. We repeat: “Except as restricted by the act under which such companies derive their powers, the police power of a borough or city extends to such occupancy and *173 use of the streets, whether upon or beneath the surface, as in its nature requires or justifies supervision at the hands of the municipality in order to safeguard the public in their rightful use of the same streets.”
It is contended further that judging the intention of the borough from its action, the ordinance was not passed to repay the expenses or provide for the liabilities incurred in the way of inspection or for proper supervision, but to increase its general revenues. In the argument in support of this contention much is made of the fact that the money derived under the ordinance from such companies as paid the license fee was paid into the borough treasury as part of the general fund of the borough, and was used indiscriminately with money derived from other sources for general borough purposes. How any inference unfavorable to the validity of the ordinance can be drawn from this fact alone it is impossible for us to see. Nor do we understand counsel to claim that the fact standing alone would be of any controlling significance. But it is claimed in connection therewith that the borough expended nothing for inspection and surveillance. It would have been more to the purpose to allege and prove, if it could be done, that there were no inspection and surveillance on the part of the borough or its officers. But the undisputed fact is that these duties were performed by the policemen and street commissioner in connection with their other duties, and the evidence is that the mode and extent of inspection and surveillance were substantially as described in the immediately preceding case against the Armstrong Water Company. While the policemen and street commissioner were not paid a specific sum for the performance of these specific duties, it is a sufficient answer to the claim that the borough expended nothing therefor, to say that the compensation paid the officers, which was considerable in amount, was for all their services, including those rendered in carrying out the purposes of this ordinance.
The question whether the license fee is so grossly in excess of what was necessary to cover the reasonably to be anticipated expense of proper inspection and police surveillance as to *174 justify the court in declaring that the borough council was guilty of abuse of discretion, and that the ordinance is void for unreasonableness has been fully considered in the case against the Armstrong Water Company, post, p. 174, and the case against the Kittanning Consolidated National Gas Company, reported in 26 Pa. Superior Ct. 355. We will add nothing to what is there said upon the subject, except that the evidence in the present case does not justify a different conclusion from that reached in the cases cited.
All the assignments of error are overruled and the judgment is affirmed.