## Commonwealth of Penna. *v.* McGlinn Distilling Co., Appellant.

*Taxation—Corporations— Capital stock tax — Company incorporated for purpose of distilling liquors and selling same at wholesale—Corporation engaged in blending and selling whiskey at wholesale—Act of July 15, 1897, P. L. 292.*

1. A foreign corporation authorized "to manufacture, distill, brew, rectify, refine, blend and deal in beverages of all kinds, both

alcoholic and nonalcoholic," but which is solely engaged in the business of blending and selling whiskey at wholesale, is subject to a capital stock tax at the rate of ten mills upon the value of invested capital within the State under the Act of July 15, 1897, P. L. 292, Sec. 2, which imposes a tax of ten mills upon the capital stock of "companies organized and incorporated for the purpose of distilling liquors and selling the same at wholesale," inasmuch as the test is not the business conducted, but whether the concern in question was "organized and incorporated for the purpose of distilling liquors and selling the same at wholesale." Where such a company has elected its officers, adopted its by-laws, etc., it is organized within the meaning of the act.

2. The tax imposed by the Act of July 15, 1897, P. L. 292, is not a tax on franchise value, but a tax on so much of the whole capital stock of such corporations as is represented by actual property invested in the State.

3. A corporation may, in point of fact, be solely engaged in the pursuit of one business, yet, if possessed of charter powers to carry on another, the legislature has the right to classify it in the latter category; and, when this is plainly done, the course adopted is binding upon the courts.

4. In some cases equity may control the apportionment of a tax, when duly assessed, but it cannot in any manner affect the classification of a corporation for purposes of taxation, where the relevant act clearly states that companies "shall constitute a separate class," not according to a business actually conducted, but when "organized and incorporated" for a designated purpose.

5. The Act of July 15, 1897, P. L. 292, is an independent statute, which without resort to other legislation, provides machinery to work out its purpose.

Argued May 20, 1919. Appeal, No. 9, May T., 1919, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1918, Nos. 27, 28 and 29, in favor of the plaintiff in case of Commonwealth of Pennsylvania v. John McGlinn Distilling Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal by defendant from accounts settled by auditor general and State treasurer for taxes on capital stock. Before McCARRELL, J.

The court entered judgment in favor of the Commonwealth and against defendant for $2,798.45.  Defendant appealed.

*Errors assigned* were the conclusions of law and the judgment of the court.

*W. S. Snyder,* with him *C. B. Miller* and *J. T. Olmsted,* for appellant.—Where a corporation has been granted numerous specific powers, the only way to determine the purpose for which it was organized and incorporated is to ascertain the business in which it is actually engaged: International Nav. Co. v. Com., 104 Pa. 38; Com. v. Pottsville Iron & Steel Co., 157 Pa. 500; Com. v. Delaware River Iron S. & E. Works, 2 Dauphin Co. Rep. 232; Evening Journal Assn. v. State Board of Assessors, 47 N. J. L. (18 Vroom) 36; Press Printing Co. v. The State Board of Assessors, 51 N. J. L. (22 Vroom) 75; People ex rel. The Edison Elec. Illuminating Co. v. Wemple, 129 N. Y. 664 (29 N. E. 813).

*Wm. M. Hargest,* Deputy Attorney General, with him *Wm. I. Schaffer,* Attorney General, for appellee.—It is not what the corporation does, but what it is authorized to do, which determines whether it comes within the class created by the Act of 1897.

To determine the character of a company the court will look at its title, its articles of association, or charter, and the provisions of the statute under which the corporation has been affected: Com. v. Pottsville Iron & Steel Co., 157 Pa. 500.

OPINION BY MR. JUSTICE MOSCHZISKER, June 21, 1919:

The Commonwealth assessed the John McGlinn Distilling Company,—a Delaware corporation, registered and doing business in Pennsylvania,—a capital stock tax, for 1914, 1915 and 1916, at the rate of ten mills, upon the actual value of its invested capital within this juris-

diction. The distilling company, claiming it should be obliged to pay only at the rate of five mills, appealed from each assessment to the Common Pleas of Dauphin County; the three appeals were consolidated and tried as one. Judgment was entered in favor of the Commonwealth, and this appeal followed.

The court below held appellant liable at the higher rate of ten mills, under Section 2 of the Act of July 15, 1897, P. L. 292, 294, which provides, "Companies organized and incorporated for the purpose of distilling liquors and selling the same at wholesale shall constitute a separate class for the purpose of taxation; and every such corporation......shall be subject to pay......annually a tax at the rate of ten mills upon each dollar of the actual value of its whole capital stock."

Prior to the legislation just quoted, companies engaged in distilling liquors were placed by our laws in the nonmanufacturing class, subject to capital stock tax, but at the rate of only five mills; and appellant's contention is that the "Act of 1897 did not mean to create a new class, but, in imposing the ten-mill tax on 'companies organized and incorporated for the purpose of distilling liquors,' it meant companies actually engaged in distilling liquors"; that, since it is admitted the present corporation is not so engaged, either in Pennsylvania or elsewhere (its business being the blending and selling of whiskey at wholesale), the Act of 1897 has no application, and the proper tax rate is five mills.

Appellant was incorporated under the laws of Delaware with, inter alia, the following powers: "To manufacture, distill, brew, rectify, refine, blend, and deal in beverages of all kinds, both alcoholic and nonalcoholic, and all alcoholic liquors and products thereof." In view of these powers, although appellant is also vested with others, it cannot be said the company was not "organized and incorporated for the purpose of distilling,"—the classification test set by our legislation; which, it may be noted, does not require that a corporation within the

class thereby created shall be formed or chartered exclusively for the "purpose of distilling," or that when taxed it shall be actually engaged in such business or pursuit.

Under the Act of 1897, the test is not the business conducted, but whether the concern in question was "organized and incorporated for the purpose of distilling liquors and selling the same at wholesale"; and the rate there imposed, on companies thus classified, is not in any proper sense a tax on franchise value, as appellant urges, but a tax on as much of the "whole capital stock" of such corporations as is represented by actual property invested in Pennsylvania, according to the real value thereof. "It has been repeatedly decided, and is settled law, that the tax upon the capital stock of a company is a tax upon its property and assets" within the confines of the taxing power: Com. v. Standard Oil Co., 101 Pa. 119, 145.

Appellant contends, however, that it is not within the classification of corporations made by the Act of 1897, because "it was not organized and incorporated for the purpose of distilling liquors"; but we cannot so agree. While "organized" is a word susceptible of different uses, yet, in the phrase "organized and incorporated," it has an established import. " 'Organize' or 'organization,' as used in reference to corporations, has a well understood meaning, which is the election of officers, providing for the subscription and payment of the capital stock, the adoption of by-laws, and such other steps as are necessary to endow the legal entity with capacity to transact the legitimate business for which it was created" (Words and Phrases, vol. 6, p. 5053) ; and, in our law, the word has been held to include within its meaning "incorporation." In Com. v. Westinghouse Elec. & M. Co., 151 Pa. 265, 275, citing Com. v. Wm. Mann Co., 150 Pa. 64, we said that "a corporation is organized when the agents or officers by which alone it can perform its corporate functions have been appointed and taken upon themselves

the burden of their offices, and that it is then organized for the purposes authorized by the law of its creation." The court below properly held the present company was "organized and incorporated for the purpose of distilling liquors and selling the same at wholesale," and, therefore fell within the class fixed by the Act of 1897.

We cannot follow appellant's contention that the present tax should be "settled according to equity." In some cases, equity may control the apportionment of a tax, when duly assessed (Com. v. Independence Trust Co., 233 Pa. 92, 99; Com. v. P. & R. R. R. Co., 150 Pa. 312); but it cannot in any manner affect the classification of a corporation for purposes of taxation, where, as here, the relevant act, itself, clearly states that companies, such as the one in question, "shall constitute a separate class," not according to the business actually conducted, but when "organized and incorporated" for a designated purpose. A corporation may, in point of fact, be solely engaged in the pursuit of one business, yet, if possessed of charter powers to carry on another, the legislature has the right to classify it in the latter category; and, when this is plainly done, the course adopted is binding upon the courts: Cochranton Tel. Co. v. Petroleum Tel. Co., 263 Pa. 506, 509.

The authorities relied upon by appellant do not rule the present case; for example, under the governing act in International Navigation Co. v. Com., 104 Pa. 38, the point to be determined was, what is the corporation in question,—is it really a railroad company, or is it a navigation company? and this was held to depend upon the business the corporation was actually doing at the time. In Com. v. Pottsville T. & S. Co., 157 Pa. 500, 506, the controlling inquiry was as to whether or not the defendant was actually carrying on manufacturing within the State; we held (p. 505) that, since it was so doing, "the mere possession of ancillary power [to mine iron ore], which it had never used or sought to use......and which was evidently intended for use only in aid of its manu-

facturing enterprises, [did] not change the character of the corporation or deprive it of its privileges and immunities as a manufacturing corporation." In the present case, however, the act itself provides in distinct terms that companies "organized and incorporated for the purpose of distilling liquors and selling the same at wholesale" shall "constitute a separate class for the purpose of taxation." Hence, here, the question is not what kind of a business is appellant engaged in, or what charter powers is it exercising, but, was the company organized and incorporated for "distilling liquors and selling the same at wholesale"? This the court below properly held could, for present purposes, be judged from its charter (Com. v. Pottsville Co., supra, 506), and, since the company was incorporated with "capacity to accomplish" (Com. v. Mann, supra, 71) the "distilling of liquors and selling of same at wholesale," with the name of a distilling company (Com. v. Pottsville Co., supra, 506), such was its design, so far as the application of the Act of 1897 is concerned. In other words, it makes no difference what else appellant may do, since the corporation can appropriately be found to have been organized and incorporated as a distilling company, it falls within the class fixed by the Act of 1897, and must pay accordingly.

The act under which the taxing authorities proceeded is an independent statute, which, without resort to other legislation, provides machinery to work out its purposes. In Com. v. Hannis Distilling Co., 265 Pa. 376, the contentions concerning modification or repeal of this Act of 1897, by subsequent legislation, are disposed of, and, therefore, need not be discussed in this opinion.

The assignments of error are overruled and the judgment is affirmed.