# Commonwealth *v.* Hannis Distilling Company, Appellant.

*Taxation—Capital stock tax — Foreign corporation — Distilling liquors outside State and selling same within State—Act of July 15, 1897, P. L. 292—Act of July 30, 1897, P. L. 464—Act of July 22, 1913, P. L. 903—Statutes—Repeal.*

1. A foreign corporation engaged in distilling liquor outside the State, but bringing the same into the State and selling it at wholesale, is liable to a tax of ten mills upon the value of the property employed within the State under the Act of July 15, 1897, P. L. 294, declaring that "companies organized and incorporated for the purpose of distilling liquors and selling the same at wholesale" shall pay a tax of ten mills upon the actual value of the capital stock. Such a corporation is not taxable at the rate of five mills under the Act of July 22, 1913, P. L. 903.

2. The Act of July 15, 1897, P. L. 292, imposing a tax of ten mills upon the capital stock of corporations organized for the purpose of distilling liquors and selling same at wholesale was not modified or repealed by the Acts of July 30, 1897, P. L. 464, and Act of July 22, 1913, P. L. 903.

Argued May 19, 1919. Appeal, No. 2, May T., 1919, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1916, No. 17, in favor of plaintiff in case of Commonwealth v. Hannis Distilling Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from settlement by the auditor general and State treasurer of an account for capital stock tax of defendant for the year 1914.

Judgment was entered by the court without a jury, for the Commonwealth against the defendant for $1,710.73, in the following opinion by McCARRELL, J.:

This is an appeal from a settlement of capital stock tax for 1914. Trial by jury has been duly waived and from the testimony submitted we find the following

FACTS:

The defendant is a corporation chartered under the laws of West Virginia for the purpose, inter alia, "of distilling liquors and selling the same at wholesale." No part of its capital is employed in distilling in Pennsylvania. The distilling is done in West Virginia and Maryland. The product is brought into Pennsylvania where it is blended and sold. It is doing business here as a foreign corporation. Its property employed in Pennsylvania is of the value of $281,881.39. The Commonwealth claims a ten-mill tax under the Act of July 15th, 1897, P. L. 292, upon the value of the property employed here, and under it settled on August 5, 1915, tax for $2,-818.81. The case is here upon defendant's appeal from this settlement. The taxing statute provides that "companies organized and incorporated for the purpose of distilling liquors and selling the same at wholesale shall constitute a separate class for the purpose of taxation, and every such corporation shall be subject to pay into the treasury of the Commonwealth annually a tax at the rate of ten mills upon each dollar of the actual value of its whole capital stock of all kinds, including common, special and preferred." The defendant contends that as it is not actually engaged in distilling in Pennsylvania it is not liable to taxation under the Act of 1897, and that the act is repealed by the Act of July 22, 1913, P. L. 903. The defendant admits that it is liable to a five-mill tax upon the value of its property employed in the State and it has paid that amount, $1,409.40. The Commonwealth claims that it still owes $1,409.40, with interest from October 17, 1915.

DISCUSSION.

The tax in this case was settled under the Act of July 15, 1897, P. L. 292. It is entitled "An act to provide revenue by taxation." Section 2 provides as follows: "Companies organized and incorporated for the purpose

of distilling liquors and selling the same at wholesale shall constitute a separate class for the purpose of taxation." The act then imposes an annual tax of ten mills upon every dollar of the actual value of the whole capital stock. By this act the corporation defendant was classified and a rate of taxation fixed upon the value of its capital stock. This is in exact accordance with the legislative power. It has the right to classify all subjects of taxation and to fix the rate uniformly upon classes of the same kind. The corporation defendant is not actually engaged in distilling liquors in Pennsylvania but distills them elsewhere and brings them here, makes the desired blend and sells the product thus blended in Pennsylvania at wholesale. It is not necessary that the corporation should be actually engaged in distilling to make it liable under this act of assembly. The act provides that companies organized for the purpose of distilling liquors and selling the same at wholesale are taxable. This corporation is admittedly organized for the purpose of distilling liquors and selling the same. It carries out both the powers of its charter. The fact that the distilling is not done in Pennsylvania is not of controlling importance. The character of the corporation subjects it to taxation because the legislature has so declared. It is taxable because it is a member of the class which the legislature has designated for the purpose of taxation. The defendant company contends that the Act of July 15, 1897, P. L. 292, is modified or repealed by the Act of July 30, 1897, P. L. 464, and also by the Act of July 22, 1913, P. L. 903. The Act of 1897, P. L. 292, under which this tax is claimed, is a taxing act entitled "An Act to provide revenue by taxation" and it makes distilling companies a special class for the purpose of taxation. The defendant company is organized as a distilling company and is a member of the class upon which the legislature imposes annually a ten-mill tax upon the value of its capital stock. It provides for the making of such reports as may be necessary to enable the auditor general to determine

the actual value of its capital stock. The Act of July 30, 1897, P. L. 464, is entitled "An Act to provide revenue and regulate the sale of certain liquors and prescribing the amount of license fee to be paid by certain dealers." It does not in any way affect the Act of July 15, 1897, P. L. 292. The Act of July 22, 1913, P. L. 903, is entitled "An Act to amend section 21 of an act approved the first day of June, 1889, entitled 'a further supplement to an act' entitled 'an act to provide revenue by taxation.'" The only change made in the section is the insertion of a proviso that the act shall not apply to corporations or associations organized for laundering or manufacturing purposes. This is manifest not only from the language of the amendment but also from the printing in different type the change made in the section amended (the only words italicized being the words laundering companies) as required by the Act of April 6, 1899, P. L. 32. The Act of 1913 applies only to corporations required to make reports under Section 20 of the Act of June 1, 1889, P. L. 428, and not to the defendant company, which makes reports under the Act of July 15, 1897. None of these acts of assembly in any way modify or change the Act of July 15, 1897, classifying the defendant company and designating the tax to be paid by it.

We have carefully considered the briefs submitted upon both sides and are satisfied that defendant company falls within the class created by the Act of July 15, 1897, and is taxable at the rate of ten mills upon the value of its capital stock. The settlement appears to have been made by the accounting officers in accordance with the act of assembly which classifies defendant company and fixes the rate of taxation to be paid by all members of that class. We conclude, therefore, that the defendant company is liable to pay the balance of the tax assessed. It has paid one-half of the total tax, which reduces the amount now due to $1,409.40, upon which the Commonwealth is entitled to claim interest from October 17,

380   COM. *v.* HANNIS DISTILLING CO., Appellant.

1915.   The amount now due the Commonwealth is as follows:

Balance of tax for 1914, .................$1,409 40
Interest October 17, 1915, to May 23, 1918,....   219 87
                                                  ————————
                                                  $1,629 27
Attorney general's commission 5%, ..........   81 46
                                                  ————————
Total now due Commonwealth, .........:....$1,710 73

We therefore direct that judgment be entered in favor of the Commonwealth and against the defendant in the sum of $1,710.73, unless exceptions be filed within the time limited by law.

Defendant appealed.

*Errors assigned* were the conclusions of law and the decree of the court.

*Paxson Deeter,* of *Bell, Trinkle & Deeter,* with him *John A. Brown,* for appellant.

*Wm. M. Hargest,* Deputy Attorney General, with him *Wm. I. Schaffer,* Attorney General, for appellee.

PER CURIAM, June 21, 1919:

The judgment in this case is affirmed on the opinion of the learned court below directing it to be entered.