# Commonwealth *v.* Union Shipbuilding Co., Appellant.

*Taxation—Corporations—Capital stock — Valuation — Property without the State.*

1. A tax on the capital of a corporation is a tax on the property in which that capital is invested.

2. A tax based on a valuation including property situated outside the State is improper.

3. An assessment of the capital stock of a corporation, which owns property both within and without the State, is proper, where it is based on such proportion of the valuation of the capital stock as the whole taxable assets in the State bears to the whole assets of the corporation.

Argued May 24, 1921. Appeal, No. 10, May T., 1921, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1919, No. 41, for Commonwealth, on trial by the court without a jury, in case of Commonwealth v. Union Shipbuilding Co. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart and Schaffer, JJ. Affirmed.

Appeal from tax settlement. Before Sadler, P. J., specially presiding.

The case was tried by the court without a jury.

Judgment for Commonwealth. Defendant appealed.

*Error assigned,* among others, was judgment, quoting it.

*M. W. Jacobs,* with him *Gordon & Smith,* for appellant.—Enhanced value of stock arising from value of nontaxable property is not taxable: D., L. & W. R. R. v. Com., 198 U. S. 341; Com. v. Westinghouse Air Brake Co., 251 Pa. 12; Dupuy v. Johns, 261 Pa. 40; Com. v. Am. Dredging Co., 122 Pa. 386.

*Geo. Ross Hull,* Deputy Attorney General, with him *Geo. E. Alter,* Attorney General, for appellee, cited: Com. v. Western Union Tel. Co., 2 Dauphin Co. R. 37; Com. v. N. Y., Pa. & Ohio R. R., 188 Pa. 169; Com. v. Semet-Solvay Co., 262 Pa. 234; Com. v. Standard Oil Co., 101 Pa. 119; Com. v. Erie R. R., 98 Pa. 127; Pullman Palace Car Co. v. Com., 107 Pa. 156; Com. v. D., L. & W. R. R., 145 Pa. 96.

OPINION BY MR. JUSTICE FRAZER, July 1, 1921:

Defendant is a Pennsylvania corporation, with its principal office in the City of Pittsburgh, but it has considerable real and personal property in the State of Maryland, where it owns and operates a shipbuilding plant. During the tax year of 1918 it had total assets amounting to $2,228,560.90, of which $1,369,837.35 represented the value of the shipbuilding plant, $5,000 was invested in nontaxable Liberty bonds, and the remainder, consisting of cash, accounts receivable and other tangible assets, amounted to $854,723.55. The capital stock of the company is $1,585,000 par value and represents its actual value. In assessing the capital stock tax for the year 1918, the auditor general based his assessment on such portion of the valuation of the capital stock as the whole taxable assets in Pennsylvania bore to the whole assets of the corporation. The basis of assessment was thus found to be $607,897. Defendant's contention is that this method of computation is erroneous and that the correct method is to deduct from the value of the entire stock the value of its nontaxable property, to wit, the intangible property located outside the State and the Liberty bonds, the remainder, $210,162.65, being the portion taxable in Pennsylvania. Under this computation it will be observed the tax is much less than that arrived at by the method adopted by the auditor general.

The rule applied by the auditor general and the court below is similar to that employed in determining the amount of taxation to be paid by foreign corporations having property invested in this State; defendant, however, argues this results in taxing indirectly tangible property located outside the State. It must be conceded that a tax on the capital of a corporation is a tax on the property in which that capital is invested (Com. v. Standard Oil Co., 101 Pa. 119) and that a tax based on a valuation including property situated outside the State is improper: D., L. & W. R. R. v. Pennsylvania, 198 U. S. 341. The latter case relied upon by defendant is not con-

trolling here. The question there was whether coal mined and shipped beyond the jurisdiction of the State was a proper subject of deduction in assessing the value of the capital of a Pennsylvania corporation. It was held the coal lost its situs in Pennsylvania upon being transported to another state for the purpose of sale and was, therefore, beyond the taxing power of the State as specific property and could not be taxed indirectly by calling it a tax on capital stock representing that property. No question was there involved as to the proper mode of computing the tax.

In the present case no direct levy is made on property held in a foreign state, nor does such result necessarily follow indirectly. In fixing the proportion of the tax to be paid the full value of the property located outside the State is deducted from the total assets. This does not have the effect of taxing property in other jurisdictions. It permits the stock of corporations created by the laws of this State to be taxed on its full value, less deductions for such property actually outside the State and, therefore, subject to taxation in the foreign jurisdiction, and prevents the possibility of domestic corporations escaping taxation altogether, as they might do under the plan urged by defendant, where the value of the capital stock is less than the value of total assets outside the State. We are of opinion the method of assessment adopted by the court below is proper.

The judgment is affirmed.