# Frank B. Hall & Co., Inc., Appellant, *v.* Lyon, Singer & Co.

*Practice, C. P.—Trial without jury—Act of April 22, 1874, P. L. 109—Failure to make findings—Appeals—Assignments of error —Exceptions—Extent of review.*

1. In cases tried by the court without a jury, as provided by the Act of April 22, 1874, P. L. 109, the trial judge is required to make separate and distinct findings of fact and conclusions of law, but he will not be reversed for failing so to do, unless this is assigned as error.

2. On appeals from judgments entered in such cases, the Supreme Court will not consider them as upon a motion for a new trial, but will only examine points of law; and, in so doing, will treat the findings of fact by the court below as conclusively established, except under such circumstances as would require their review after a common law trial by jury.

3. If, in such a case, appellant does not challenge the action of the trial judge in the admission or rejection of evidence, or allege that points were submitted and erroneously answered, the Supreme Court will consider only such of the assignments of error as allege that he erred in his findings regarding the issues of fact raised by the pleadings, or in his application of the law to such findings.

4. A trial judge in such a case is required to find only such facts as are material to the decision of the case; unless requested so to do he need not refer to subsidiary facts, which appellant believes may have a bearing on the ultimate issues of fact to be determined.

5. The Supreme Court will not reverse upon a question of fact if there is sufficient evidence to support the finding, especially if the decision is against the party having the burden of proof, and depends upon the testimony of witnesses whom the trial judge saw and heard.

*Corporations—Stock owned by one person—Corporation as entity.*

6. A corporation is an entity distinct from those who own its stock; and this is so even though all the stock is owned by one person.

*Corporations—Right to vote stock—Stock held as collateral.*

7. One who holds stock as collateral security only, cannot be treated as the absolute owner thereof, and cannot vote the stock save as provided by the agreement of pledge.

*Insurance—Liability for premiums—When beneficiary not liable.*

8. The beneficiary named in an insurance policy, is not, by reason of that fact alone, liable for the premiums on such policy.

Argued March 17, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 99, March T., 1925, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1922, No. 312, for defendant on case tried by the court without a jury, in suit of Frank B. Hall & Co., Inc., v. Lyon, Singer & Co. Affirmed.

Assumpsit to recover premiums on marine insurance policy. Before SHAFER, P. J., without a jury.

The opinion of the Supreme Court states the facts.

Judgment for defendant on case tried by the court without a jury. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*Albert C. Hirsch,* of *Watson & Freeman,* with him *Stoll & Lawrence,* the latter of New York, for appellant. —Lyon, Singer & Co. could not accept the benefits of the Brisk insurance and at the same time avoid the liabilities on the Bright insurance ordered contemporaneously with the Brisk through the very same agent, Cohen.

The owners of the Bright to whom appellee says credit was given were none other than Lyon, Singer & Co.

*R. E. T. Riggs,* of New York, with him *H. V. Blaxter* and *J. Henry O'Neill,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 12, 1926:

Plaintiff, an incorporated insurance broker, sued to recover the amount of certain premiums on marine insurance policies on the schooner "Bright," owned by the Bright Navigation Corporation; which insurance had been obtained and paid for by plaintiff at the instance of David Cohen & Co. Trial by jury having been dispensed with, and the case submitted to the court, in the way provided by the Act of April 22, 1874, P. L. 109, it was heard and determined, in the first instance, by the learned president judge of the court below, and resulted, after plaintiff's exceptions had been dismissed, in a judgment for defendant. Plaintiff appeals.

But two vital issues of fact are raised by the pleadings, viz: (a) Was David Cohen & Co. authorized to act for defendant in obtaining the insurance policies? and (b) If not, was their act in so doing ratified by defendant? Notwithstanding the narrowness of these issues, plaintiff has filed twenty-four assignments of error. None of them challenges the action of the trial judge in the admission or rejection of evidence; nor does any of them allege that points were submitted and erroneously answered, although section 2 of the statute distinctly provides for their submission by either party, if desired: P. L. 1874, page 109. A number of the assignments aver a failure of the trial judge to find certain alleged subsidiary facts, which, in plaintiff's view, might have had a bearing on the determination of the ultimate issues; but, as he was not asked at the trial to find them, he was not required to do so, but to find only such facts as were material to his decision of the case, and to answer the points submitted in writing: Com. v. Monongahela Bridge Co., 216 Pa. 108, 114. It is not assigned as error that he did not make separate and distinct findings of facts and conclusions of law, as provided by the statute (see Carpenter v. Yeadon Borough, 208 Pa. 396, 402); and hence our review of the present record must be limited to a consideration of such of the assignments as

allege that the trial judge erred in his findings regarding the two issues of fact which were raised by the pleadings, or in his application of the law to those findings. In doing this, we do not consider the case as upon a motion for a new trial, but treat the findings of fact as conclusively established, unless there are circumstances which would require their review after a common law trial by jury: Jamison v. Collins, 83 Pa. 359; Bradlee & Co. v. Whitney & Kemmerer, 108 Pa. 362; New York & Penna. Co. v. New York Central R. R., 267 Pa. 64; Gillespie v. Hunt, 276 Pa. 119; McDonald Construction Co. v. Gill, 285 Pa. 305. No such circumstances appear in this case.

Thus viewed, it is clear the decision below must be sustained. There was some testimony to support plaintiff's averments regarding those facts, but there was also testimony on the other side, and this alone, under the authorities cited, makes the decision of the court below conclusive; especially as, in the present case, appellant attempted to carry its burden of establishing the disputed facts by the testimony of witnesses, whom the trial judge saw and heard, and therefore was better able to judge of their credibility than we can possibly be: Clarkson v. Crawford, 285 Pa. 299. Nevertheless, in view of the earnestness with which the case was tried in the court below, and argued and reargued here, it is our purpose to consider the record sufficiently to point out why we have no hesitancy in sustaining the judgment.

Prior to August 12, 1919, the Bright Navigation Corporation had mortgaged the "Bright" to the Commonwealth Trust Company of Pittsburgh, trustee, as security for a bond issue of $225,000. These bonds had been bought by defendant (whose business was the purchase and sale of investment securities), and had been resold to its customers. The mortgage required that, at stated periods, the owner should pay to the trustee certain sinking fund charges and interest, some of which would fall due shortly after the date designated. The

owner was without means to pay them, and a failure so to do would result in a foreclosure of the mortgage. In an endeavor to prevent this disaster, a meeting was called, which was attended by the owner, by defendant, by a representative of David Cohen & Co., and by several others (but not including plaintiff), and resulted, on the day specified, in the execution of a written agreement, by the parties above named, which, so far as relevant to the present inquiry, may be summarized as follows: After reciting the foregoing facts, and that defendant was willing, on the conditions stated, to lend sufficient money to make the payments about to become due, it provided that David Cohen & Co., for a recited consideration, should have "full right and power to fully control the freighting, chartering and movements of the ["Bright"],......with authority to collect and receive freight, charter and other moneys due and to become due......and to make such disbursements as may be necessary in connection with the management, operation and control of said vessel......including...... port charges, loading, unloading, *insurance* and all other necessary expenses"; any balance remaining over to be paid defendant on account of its loan. It further provided that defendant was to receive a note of the owner for the moneys advanced, and, as collateral security therefor, was to be given a second mortgage on the boat and an assignment of all the stock of the corporation owner, which latter could be used by defendant, however, only in case it became necessary so to do "to protect itself in connection with the loan." The agreement did not provide that defendant should pay the insurance, or any of the other expenses which might be incurred in the management of the vessel; nor did it specify what should be done in case the moneys received were not sufficient for these purposes.

Appellant now contends, though it did not so aver in its statement of claim, that, by the transfer of all the stock to defendant, the latter became, in legal effect, the

owner of the boat, and liable for the insurance; but this claim cannot be sustained, even aside from the fact that the corporation, as such, was a distinct entity from the parties who owned its stock, though all of it belonged to but one person: Macan v. Scandinavia Belting Co., 264 Pa. 384. Defendant held the stock only as collateral security, was bound to return it as soon as the loan was repaid, and could not even vote it in the meantime, except on the contingency stated: Section 3, Act May 26, 1893, P. L. 141, 143.

Under that agreement, therefore, it is evident, since the Bright Navigation Corporation was the only one which could give to David Cohen & Co. authority to manage the vessel and to collect and disburse the funds realized thereby, that if that firm was to be the agent of anybody, it was of the owner and not of defendant; and hence, unless plaintiff can point to some other basis of liability than this agreement, defendant cannot be held responsible for the premiums on the insurance policies. In an attempt to otherwise establish defendant's liability, plaintiff offered the testimony of some of its past and present officials and employees, and some of those of David Cohen & Co. As already stated, their testimony was disputed by that of defendant's witnesses, who were believed by the trial judge, probably largely because they were sustained by evidence which was not affected by the frailty or interest of witnesses.

When the insurance was obtained by plaintiff, the premiums were charged on its books to David Cohen & Co., who had ordered the insurance, and bills for those premiums were sent to that firm. When it refused to pay the bills, and asserted defendant was liable for them, plaintiff wrote to defendant, stating that Cohen's assertion "comes of more or less as a surprise to us," but "in view of Mr. Cohen's statement that you are responsible for the premiums, we should be very glad to have your check." After defendant had also denied liability and refused to pay, plaintiff opened a new account

on its books, and, for the first time, charged these items
to defendant. It also appeared, by the record of a suit
which the Commonwealth Trust Company of Pittsburgh,
trustee, had previously brought against plaintiff, to
recover a balance collected by the latter on the insurance
of another vessel named in the written agreement of
August 12, 1919, and later lost at sea, that plaintiff's
president, on whose testimony it relies here, swore that
David Cohen & Co., in ordering the insurance, were
agents for the trustee, for defendant and for the Bright
Navigation Corporation, and not for defendant alone, as
is now claimed. Subsequently plaintiff eliminated the
owner, and claimed that the trustee and defendant were
liable, evidently basing this contention upon the writ-
ten agreement, and upon the fact that the policies were
to inure to their benefit, if loss occurred. So, also, on
one occasion, plaintiff paid to defendant the sum of $34,-
158.73, without any deduction on account of the amount
now claimed, or any pretense that defendant was liable
for it, although, as is now averred, there was then due
$45,355.79 of the premiums sued for in this case. At the
trial these several facts were proved, and not denied or
explained, although they all occurred after the dates on
which it is alleged, in this suit, that defendant author-
ized David Cohen & Co. to obtain the insurance, and
later ratified its acts in so doing. No wonder, therefore,
that the trial judge discredited plaintiff's testimony, and
believed that of defendant.

It should be added, perhaps, that the fact of defend-
ant being named as one of the beneficiaries in the insur-
ance policies, plays no part in the determination of the
present controversy. Each of the two mortgages re-
quired that the Bright Navigation Corporation, should,
*at its own expense,* take out such policies for the benefit
of the mortgagee, and hence they were made payable to
the two mortgagees "as their interests may appear."
Apparently plaintiff originally thought this was suffi-
cient to establish the agency of David Cohen & Co. for

both beneficiaries, and certainly if it did so as to one, it did so as to both, though the latter is not now claimed. It cannot be so as to either, however, and plaintiff's contention to that effect must be negatived here, as it was also in the prior suit to which reference has been made.

Plaintiff also strenuously contends that, as defendant had received a portion of the insurance paid after the loss of the other vessel above referred to, and as it and the "Bright" were placed in the same category by the agreement of August 12, 1919, defendant thereby ratified the act of David Cohen & Co., in placing the insurance on both vessels.  The fact of placing the insurance had no relation, whatever, to the question as to who should be liable for the premiums, for the written agreement expressly authorized David Cohen & Co. "to make .....such.....necessary.....insurance," and defendant, under the mortgage provided for in the agreement, was entitled to receive the insurance money, no matter from what source or by whom the premiums were paid or authorized to be paid, whether out of the freight charges, by the owner of the vessel, or otherwise howsoever.

The judgment of the court below is affirmed.

Mr. Justice KEPHART dissented.