Peoples Natural Gas Company *v.* Pittsburgh,
Appellant, et al.

Pennsylvania Water Company *v.* Pittsburgh,
Appellant, et al.

South Pittsburgh Water Company *v.* Pittsburgh,
Appellant, et al.

Equitable Gas Company *v.* Pittsburgh,
Appellant, et al.

Duquesne Light Company *v.* Pittsburgh,
Appellant, et al.

Manufacturers' Light & Heat Company *v.*
Pittsburgh, Appellant, et al.

Bell Telephone Company *v.* Pittsburgh,
Appellant, et al.

Argued October 10, 1934. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Wm. Kaufman* and *Ward Bonsall,* City Solicitor, with them *Thomas M. Benner,* First Assistant City Solicitor, for appellant.

*William R. Scott,* of *Smith, Buchanan, Scott & Gordon,* with him *Arthur E. Young* and *Edward M. Borger,* for appellee, in No. 261.

*H. E. Carmack* and *William R. Scott,* of *Smith, Buchanan, Scott & Gordon,* for appellee, in No. 262.

*Joseph A. Beck,* for appellee, in No. 263.

*Edwin W. Smith,* of *Reed, Smith, Shaw & McClay,* with him *Henry G. Wasson, Jr., E. P. Griffiths* and *Maynard Teall,* for appellees, in Nos. 264 and 265.

*A. Leo Weil,* with him *J. Smith Christy,* of *Weil, Christy & Weil,* for appellee, in No. 266.

*Charles F. C. Arensberg,* with him *James S. Crawford,* of *Patterson, Crawford, Arensberg & Dunn* and *William H. Lamb,* for appellee, in No. 267.

OPINION BY MR. JUSTICE LINN, November 26, 1934:

These seven appeals are from separate decrees restraining the collection of a tax on meters imposed by city ordinance. The cases were heard on bill and answer. No facts are disputed. In each bill the power to tax was challenged for various reasons, some common to all plaintiffs and others peculiar to the business of the complaining party. The learned court below was of opinion that the legislature expressly withheld from the city the power to tax the property in question. As we all agree that the particular property sought to be taxed is already taxed by the State, and, therefore, within the statutory exception denying to the city the power to tax it, we shall confine our discussion to that objection, made by all the plaintiffs.

4

The statute on which the city depends is the Act of August 5, 1932, P. L. 45, empowering cities of the first and second classes to collect "certain additional taxes for general revenue purposes." It provides: " . . . the council of any city of the first or second class shall have the authority . . . for general revenue purposes, to levy, assess and collect . . . such taxes on persons, transactions, occupations, privileges, subjects and personal property, within the limits of such city . . . as it shall determine, except that such council shall not have authority to levy, assess and collect . . . any tax on a privilege, transaction, subject or occupation, or on personal property, which is now or may hereafter become subject to a State tax or license fee."

In February, 1934, city council passed an ordinance entitled "An ordinance levying and assessing a tax on meters or other measuring devices used to record the quantity of service or product sold or delivered by . . . [certain classes of corporations] . . . and individuals operating taxicabs under certificates of public convenience issued by the Public Service Commission."

Section 1 provided " . . . That for the purpose of providing additional funds for general revenue purposes, a tax is hereby levied and assessed on all electric light, heat and power companies, natural gas companies, artificial gas companies, water companies, telephone companies, steam heating companies and taxicab companies and individuals operating taxicabs under certificates of public convenience issued by the Public Service Commission, in respect to the ownership or use by said companies or individuals of meters or other devices used for measuring or recording the quantity of service or product furnished to consumers thereof." The ordinance imposed a tax of $2 per meter, "Provided, however, that meters not actually used to measure or record, etc., shall not be subject to the tax herein imposed," established a method of collecting, and provided penalties.

The plaintiffs contend that the statute prohibited double taxation; that they are within the exception withholding the power to tax their meters, expressed in these words: " . . . that such council shall not have authority to levy, assess and collect . . . any tax on a privilege, transaction, subject or occupation, or on personal property, which is now or may hereafter become subject to a State tax or license fee." They contend that the tax is on property and that the property is already taxed by the State pursuant to the capital stock taxing statutes.

The appellant city presents two contentions: First, the tax is not a tax on property, but a tax "for the privilege of using their meters"—that is, it is either a license fee (see Kittanning Boro. v. Consolidated Nat. Gas Co., 219 Pa. 250, 68 A. 728) or an excise (see Patton v. Brady, 184 U. S. 608, 617 et seq.) ; and, second, that the meters are not taxed by the State in the capital stock taxation, as contended by appellees.

First. The phraseology of the ordinance makes it impossible to accept the city's contention that the purpose was to tax a privilege; both the title and the enacting parts of the ordinance deny it. The title (a part of the ordinance: Duquesne Light Co. v. Pgh., 251 Pa. 557, 563, 97 A. 85) clearly declares municipal intention to enact an ordinance "levying and assessing a tax on meters or other measuring devices used to record the quantity of service. . . ." Section 1 imposed the tax "in respect to the ownership or use by said companies or individuals of meters or other devices used. . . ." As the tax on the meters in respect to their ownership or use, is, in effect, a tax on the meters, there is no support for the argument that (in the words of appellant's brief) "the tax is limited to the 'use' of said meters by said companies; and there is therefore no tax either against the meters or against their owners 'in respect to the ownership' thereof." It is not an occupation tax (compare Dawson v. Kentucky Distilleries, etc., Co., 255 U. S. 288; Thompson v. McLeod, 112 Miss. 383, 73 S. 193) or an

excise tax (Patton v. Brady, supra). The municipal purpose expressed in the title is "assessing a tax on meters . . . used," and the purpose was accomplished by the words in section 1 "in respect to the ownership or use by said companies or individuals of meters . . ."—words which cannot be read in the restricted sense proposed by the city in the light of well settled principles of construction (compare City Club's App., 92 Pa. Superior Ct. 219, 224-31).

On two prior occasions, substantially the same arguments were made to this court and were rejected. Pursuant to the Act of March 7, 1901, P. L. 20, authorizing the City of Pittsburgh to impose a license tax, the city passed an ordinance imposing on street railway corporations doing business in the city a tax per lineal foot of track. The city contended that the tax was levied for the privilege or franchise of doing business in the city. It was held that the ordinance imposed a tax on property, not authorized by the statute: Pittsburgh Rys. Co. v. Pgh., 211 Pa. 479, 60 A. 1077. The argument was repeated in Com. v. Pure Oil Co., 303 Pa. 112, 154 A. 307, under the Act of May 1, 1929, P. L. 1037, entitled "An act imposing a state tax on liquid fuels. . . ." The Commonwealth contended that the tax was not a tax on property, but one "assessed upon the vendor for the privilege of carrying on his business," or one "imposed on the privilege of transferring property." It was held that it was a tax on property. The ordinance now before us provides for a tax on meters "in respect to [their] ownership or use"; use is implied in ownership. "To levy a tax by reason of ownership of property is to tax the property": Dawson v. Kentucky Distilleries Co., 255 U. S. 288, 294.

Second. The construction of the acts providing for capital stock tax (April 25, 1929, P. L. 657) is well settled. The argument made by appellant on this branch of the case—that the capital stock tax is not a tax on corporate property—has also been suggested before, and

each time has been rejected. In Com. v. Standard Oil Co., 101 Pa. 119, 145, it was said, "It has been repeatedly decided, and is settled law, that a tax upon the capital stock of a company is a tax upon its property and assets . . . [citing cases]. . . ." See also Com. v. R. R. Co., and other cases reported in 188 Pa. 169 et seq., 41 A. 594; Dupuy v. Johns, 261 Pa. 40, 45, 104 A. 565; Com. v. Semet-Solvay Co., 262 Pa. 234, 105 A. 92; Com. v. Distilling Co., 265 Pa. 346, 108 A. 823; Com. v. Union Shipbuilding Co., 271 Pa. 403, 405, 114 A. 257; Com. v. Sunbury Converting Works, 286 Pa. 545, 548, 134 A. 438; Com. v. Eastern Securities Co., 309 Pa. 44, 163 A. 157, and the Act of June 22, 1931, P. L. 685, "Providing for the settlement of capital stock tax in the cases of corporations......which own assets which are exempted or relieved from capital stock tax."

In each case the decree is affirmed at the costs of appellant.